IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. KORESKO, V and<br>PENNMONT BENEFIT SERVICES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF BLEIWEIS,<br>RAYMOND ANKNER,<br>CJA AND ASSOCIATES, INC., and<br>THE TRAVELERS LIFE AND ANNUITY COMPANY,<br><br>Defendants. | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Sections 1441 and 1446, the defendants hereby remove this civil action from the Court of Common Pleas of Montgomery County, Pennsylvania ("state court") to this Court. All process, pleadings, and orders served upon the defendants in this action are attached hereto.

## PROCEDURAL HISTORY

1. On or about January 24, 2002, plaintiff John J. Koresko, V ("Koresko") filed a Praecipe for Summons in state court. See Ex. A. The matter was assigned case number 02-01461.

2. On January 25, 2002, the state court issued a Summons in Civil Action (i.e., a writ of summons) to the only two defendants named in the praecipe, CJA and Associates, Inc. ("CJA")[1] and Raymond Ankner ("Ankner"). See id. at 2. Neither the praecipe nor the

---

[1] The Complaint and the Summons mistakenly name "CJA Associates, Inc." The intended party, as listed in the praecipe and the caption on this Notice of Removal, is "CJA and Associates, Inc."

summons gave a hint of the substance of the matter or the amount in controversy. The summons merely said, "[y]ou are notified that the Plaintiff has commenced an action against you." Id.

3. On December 16, 2003, CJA filed a praecipe in state court under Pennsylvania Rule of Civil Procedure 1037(a), requesting a rule upon Koresko to file a complaint. See Ex. B.

4. On December 16, 2003, the prothonotary of the state court issued a Rule to File Complaint. See Ex. C.

5. On January 23, 2004, plaintiff Koresko and a new plaintiff, PennMont Benefit Services, Inc. ("PennMont"), filed in state court, and served, a Complaint, see Ex. D, and an Entry of Appearance, see Ex. E, bearing the same case number. The Complaint named three new parties, i.e., plaintiff PennMont and two new defendants, Jeff Bleiweis ("Bleiweis") and The Travelers Life and Annuity Company ("TLAC").

6. Plaintiffs served CJA and Ankner with the Complaint by mail to their attorney on January 23, 2004. Plaintiffs subsequently served Bleiweis by mail. Plaintiffs served TLAC by mail on January 27, 2004.

7. CJA, Ankner, and Bleiweis filed Preliminary Objections in state court on February 12, 2004, see Exs. F, G, and served them on the other parties.

## THIS COURT HAS SUBJECT MATTER JURISDICTION

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a).

9. The Complaint states that the plaintiffs are citizens of Pennsylvania. Ex. D at caption and ¶¶ 4, 5.

10. Defendant Bleiweis is a citizen of Illinois. Defendant Ankner is a citizen of Vermont. Defendant CJA is a citizen of Illinois; it is an Illinois corporation with its principal place of business in Illinois. Defendant TLAC is a citizen of Connecticut; it is a Connecticut corporation with its principal place of business in Connecticut.

11. Complete diversity exists between the plaintiffs and the defendants.

12. The complaint alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs. Ex. D in the "Wherefore" clauses following ¶¶ 89, 98, 106, 116, 120.

## THIS NOTICE IS TIMELY AND OTHERWISE PROPER

13. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

14. "Section 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction." Foster v. Mut. Fire, Marine & Inland Ins. Co., 986 F.2d 48, 54 (3d Cir. 1993). Section 1446(b) also states that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b).

15. In Foster, the plaintiff did not file a complaint until more than a year after filing a praecipe for a writ of summons, but the writ of summons lacked information sufficient to determine federal jurisdiction. The Third Circuit concluded "that in this case the Notice of Removal was timely even though it was filed more than a year after the praecipe for the writ of summons." 986 F.2d at 49.

16. This case presents precisely the same fact pattern as Foster, i.e., a writ of summons lacking information sufficient to determine federal jurisdiction, and a complaint filed

more than a year thereafter. Therefore, as in Foster, this Notice of Removal is timely. The only papers the plaintiffs filed before the last 30 days, the praecipe and summons, did not indicate the claim for relief upon which the action was based, the amount in controversy, nor the citizenship of the plaintiffs. Indeed, even the identities of all the plaintiffs and defendants were not known until the current plaintiffs filed their Complaint.

17. Moreover, the United States District Court for the Eastern District of Pennsylvania has also extended the one-year deadline in section 1446(b) where a party did not have the ability to remove during that entire period. In Cabibbo v. Einstein/Noah Bagel Partners, L.P., 181 F. Supp. 2d 428, 430 (E.D. Pa. 2002), this Court extended the one year deadline by the amount of time a state court action was stayed by the defendant's bankruptcy, despite the fact that the stay had been lifted well before the one year deadline had passed.

18. To date, there has been no significant progress nor any discovery in state court.

19. No defendant is a citizen of Pennsylvania.

20. All the defendants consent to removal.

_____
Diane Siegel Danoff
Robert W. Ashbrook
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
telephone 215.994.4000
facsimile 215.994.2222
Attorneys for Defendant
   Travelers Life and Annuity Company

Dated: Feb. 23, 2004

_____
Craig R. Tractenberg
Reneé F. Bergmann
NIXON PEABODY LLP
Two Penn Center Plaza, Suite 200
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
telephone 215.246.3520
facsimile 215.561.0410
Attorneys for Defendants
   Jeff Bleiweis,
   Raymond Ankner, and
   CJA and Associates, Inc.

Dated: 2-23-04