## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN J. KORESKO, V and
PENNMONT BENEFIT SERVICES, INC.,

    Plaintiffs,

v.

JEFF BLEIWEIS,
RAYMOND ANKNER,
CJA AND ASSOCIATES, INC., and
THE TRAVELERS LIFE AND ANNUITY COMPANY,

    Defendants.

CIVIL ACTION NO. 04-CV-769

## **ORDER**

    Defendant The Travelers Life and Annuity Company's Motion to Dismiss Count III and Part of Count V of the Complaint is granted. Count III of the Complaint ("Misappropriation of Trade Secret") is dismissed as against defendant The Travelers Life and Annuity Company with prejudice. Count V ("Civil Conspiracy") is dismissed as against defendant The Travelers Life and Annuity Company with prejudice to the extent it alleges a conspiracy to misappropriate trade secrets.

Dated: _____

                                                                             _____
                                                                             Stewart Dalzell, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN J. KORESKO, V and
PENNMONT BENEFIT SERVICES, INC.,

    Plaintiffs,

    v.

JEFF BLEIWEIS,
RAYMOND ANKNER,
CJA AND ASSOCIATES, INC., and
THE TRAVELERS LIFE AND ANNUITY COMPANY,

    Defendants.

CIVIL ACTION NO. 04-CV-769

### DEFENDANT THE TRAVELERS LIFE AND ANNUITY COMPANY'S MOTION TO DISMISS COUNT III AND PART OF COUNT V OF THE COMPLAINT

Defendant The Travelers Life and Annuity Company ("TLAC") moves the Court to dismiss Count III of the Complaint ("Misappropriation of Trade Secret") as against TLAC with prejudice, and to dismiss Count V of the Complaint ("Civil Conspiracy") as against TLAC with prejudice to the extent it alleges a conspiracy to misappropriate trade secrets. The grounds for this motion are set forth in Defendant The Travelers Life and Annuity Company's Memorandum of Law in Support of its Motion to Dismiss Count III and Part of Count V of the Complaint.

Respectively submitted,

Dated: March 29, 2004

*RA604*
Diane Siegel Danoff
Robert W. Ashbrook
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
telephone 215.994.4000
facsimile 215.994.2222
Attorneys for Defendant
    The Travelers Life and Annuity Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. KORESKO, V and<br>PENNMONT BENEFIT SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JEFF BLEIWEIS,<br>RAYMOND ANKNER,<br>CJA AND ASSOCIATES, INC., and<br>THE TRAVELERS LIFE AND ANNUITY COMPANY,<br><br>    Defendants. | CIVIL ACTION NO. 04-CV-769 |

## DEFENDANT THE TRAVELERS LIFE AND ANNUITY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT III AND PART OF COUNT V OF THE COMPLAINT

The plaintiffs allege in Count III that defendant The Travelers Life and Annuity Company ("TLAC") committed the tort of misappropriation of trade secrets. Because the gist of this claim is for a breach of contract, the claim should be dismissed as a matter of law. In addition, TLAC cannot be liable for a conspiracy to commit a tort that is not itself actionable. Thus, the corresponding portion of Count V should also be dismissed.

## FACTS

Plaintiff PennMont Benefit Services, Inc. ("PennMont") is in the business of marketing, design, sales and administration of tax-advantaged employee benefit and pension programs for financial professionals and their clients. (Compl. ¶ 5.) Plaintiff John J. Koresko V ("Koresko") is an attorney who allegedly developed a pension program which is marketed by PennMont. (Compl. ¶¶ 11-12.) Defendant TLAC is an insurance company. The plaintiffs unsuccessfully attempted to persuade TLAC to adopt their program. (Compl. ¶ 34.)

According to the plaintiffs, attorney Koresko revealed confidential information about the plaintiffs' pension program to TLAC on two occasions: at a seminar at which a TLAC executive was one of the attendees and at a private meeting with several TLAC personnel. (Compl. ¶¶ 22, 102; see also Compl. ¶ 29.) On both occasions, attorney Koresko allegedly displayed a PowerPoint slide with a confidentiality requirement and no one in the audience, including the TLAC personnel, voiced any objection. (Compl. ¶¶ 20-21, 29-30). The plaintiffs contend that "Travelers' personnel never objected to the condition of the disclosure, and thus induced [the plaintiffs] into making disclosures and promised not to use the information in business with anyone else." (Compl. ¶ 27; see also Compl. ¶¶ 43, 102).

The plaintiffs also allege that attorney Koresko sent confidentiality agreements to TLAC in advance of the private meeting which TLAC supposedly promised it would execute "after they got out of Legal." (Compl. ¶¶ 24-26.) Although the plaintiffs do not allege that TLAC ever executed any confidentiality agreement, attorney Koresko nonetheless proceeded with the alleged disclosures at the seminar and meeting.

## ARGUMENT

**1. Count III of the Complaint Should Be Dismissed As Against TLAC**

In Count III of their Complaint, the plaintiffs allege that their "revolutionary" pension program, which defendants allegedly called an abusive defined benefit program subject to IRS scrutiny (Compl. ¶ 91), contains trade secrets which TLAC used in violation of an alleged confidentiality agreement with the plaintiffs. (Compl. ¶¶ 10-13, 19, 22-23, 39, 41, 46, 100-01, 103, 105.) However, this claim against TLAC is barred by the "gist of the action" doctrine under Pennsylvania law.

Plaintiffs hang their trade secret claim against TLAC from a single hook: an alleged agreement by TLAC that TLAC would not misappropriate certain information. (See, e.g., Compl. ¶¶ 103 ("Travelers used that trade secret in breach of an agreement."), 43 ("Travelers has violated the confidentiality agreement and notice that it consented to in various meetings.").) This alleged agreement is the only alleged source of wrongfulness or illegality of TLAC's supposed misappropriation.

PennMont and Koresko seek tort damages, both compensatory and punitive, for the alleged misappropriation. (Compl. ¶ 106, wherefore clause following ¶ 106.) They allege a tortious mens rea. (Compl. ¶ 39.) Thus, although Count III hinges upon an allegation of breach of contract to establish TLAC's supposed duty and liability, what it in fact alleges is a tort.

Under Pennsylvania law,[1] the "gist of the action" doctrine governs whether a cause of action (other than products liability) lies in tort or in contract, when it might have been brought as either. See, e.g., Phico Ins. Co. v. Presbyterian Med. Servs. Corp., 663 A.2d 753, 757 (Pa. Super. Ct. 1995) ("[T]o be construed as a tort action, the wrong ascribed to the defendant must be the gist of the action with the contract being collateral." Where the gist of an action for the tort of misappropriation of trade secrets is in fact the breach of an agreement between the parties, then the tort action cannot lie. The plaintiffs must bring a contract action, or none at all.

To determine whether the gist of the action lies in contract or in tort at the motion to dismiss stage, courts look to the complaint to find the source of the duty allegedly breached. Owen J. Roberts Sch. Dist. v. HTE, Inc., Civil Action No. 02-7820, 2003 U.S. Dist. LEXIS

---

[1] Taking the facts pled as true, for purposes of this motion, Pennsylvania law applies to this tort claim because the plaintiffs are Pennsylvania citizens (Compl. at caption, ¶¶ 4-5) who chose to bring the suit in a Pennsylvania court, and because "the cause of action arose in [Pennsylvania], the damage took place in [Pennsylvania], a substantial amount [sic] of the events giving rise to this action occurred in [Pennsylvania], and Defendants regularly transact business in [Pennsylvania]." (Compl. ¶ 2.)

2997, at *5-8 (E.D. Pa. Feb. 28, 2003) (Dalzell, J.). If the gist of the action lies in contract, the non-contract claims must be dismissed. See, e.g., Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 106-07 (3d Cir. 2001) (rejecting tort liability for misappropriation of trade secrets covered by a contract); Penn City Invs., Inc. v. Soltech, Inc., Civil Action No. 01-5542, 2003 U.S. Dist. LEXIS 22321, at *10-17 (E.D. Pa. Nov. 23, 2003) (granting summary judgment on a fraud claim when the defendant's promises were later incorporated into a contract and barring a common law negligence claim because "the contract directly addressed this issue"); Blue Mt. Mushroom Co. v. Monterey Mushroom, 246 F. Supp. 2d 394 (E.D. Pa. 2002) (granting summary judgment on claims for intentional and negligent misrepresentation that were actually contract claims); Galdieri v. Monsanto Co., 245 F. Supp. 2d 636, 650 (E.D. Pa. 2002) (dismissing a fraud claim when the defendant's promises were later incorporated into a contract); Mid-Continent Ins. Co. v. Packel, Civil Action No. 00-CV-3239, 2001 U.S. Dist. LEXIS 24204, at *12-13 (E.D. Pa. Oct. 25, 2001) (granting summary judgment on a conversion claim that should have been a breach of contract claim); see also Werwinski v. Ford Motor Co., Civil Action No. 00-943, 2000 U.S. Dist. LEXIS 11977, at *17-18 (E.D. Pa. Aug. 14, 2000) (analogizing to the gist of the action doctrine to hold that a cause of action based upon a statute was precluded by a contract claim).

The Bohler-Uddeholm case, like this one, involved a claim for misappropriation of trade secrets. In that case, the contract protected "Know How" from use and disclosure, which was defined to mean technical information about how to manufacture steel ingots. "Know How" did not cover non-technical information like client lists and pricing information. Thus, the gist of the action doctrine applied to forbid a cause of action for the tort of misappropriation of the technical information covered by the contract, but the doctrine did not keep the plaintiff from

bringing a tort cause of action for misappropriation of the non-technical information. 247 F.3d at 106-07. Here, the plaintiffs allege that there was an agreement that covered every one of the trade secret(s) supposedly misappropriated by TLAC. (E.g., Compl. ¶¶ 27, 43, 102-03.) Therefore, the Third Circuit's holding in <u>Bohler-Uddeholm</u> is directly on point.[2] Count III for the tort of misappropriation of trade secrets must be dismissed.

Taking the plaintiffs' allegations as true, TLAC's alleged duty not to misappropriate the plaintiffs' scheme hinges upon an agreement(s) between the plaintiffs and TLAC. There was no other relationship between the parties having anything to do with the plaintiffs' scheme except through the agreement(s) that the plaintiffs allege TLAC to have made. The Complaint gives no other reason. Thus, the gist of the plaintiffs' action lies in contract, not in tort, and the plaintiffs cannot sue for the tort of misappropriation. Count III of the Complaint should be dismissed as against TLAC with prejudice.

---

[2] Another recent case involving misappropriation of trade secrets supports the same conclusion. <u>Flynn v. Health Advocate, Inc.</u>, Civil Action No. 03-3764, 2004 U.S. Dist. LEXIS 293 (E.D. Pa. Jan. 13, 2004) (deciding a motion to dismiss). There, the plaintiffs alleged (1) an oral non-disclosure agreement with GCA, followed by (2) the plaintiffs' disclosure of trade secrets to GCA and their tortious misappropriation by a defendant ("HA") which was related to GCA, followed by (3) a written non-disclosure agreement with HA, followed by (4) the plaintiffs' disclosure of trade secrets to HA and HA's tortious misappropriation of these trade secrets. The court said that, had events (3) and (4) been the only facts, the gist of the action doctrine would apply. <u>Id.</u> at *33 ("While <u>the 'gist of the action' doctrine might block any purported misappropriation of Plaintiffs' trade secrets claim arising from the written non-disclosure agreement between HA and the plaintiffs</u>, [events (1) and (2) change the analysis because HA did not have an agreement with the plaintiffs at the time of the misappropriation]." (emphasis added)) Here, because Koresko and PennMont allege they <u>did</u> have an agreement with TLAC at the time of TLAC's alleged misappropriation, the facts as plead are analogous to events (3) and (4) only. Thus, <u>Flynn</u> supports dismissal of the plaintiffs' tort claim against TLAC under the gist of the action doctrine.

## 2. Count V of the Complaint Should Also Be Dismissed as Against TLAC to the Extent It Alleges a Civil Conspiracy to Misappropriate Trade Secret(s)

Similarly, the conspiracy count as against TLAC should be dismissed to the extent it alleges a civil conspiracy to misappropriate trade secret(s). Pennsylvania law forbids an allegation of civil conspiracy where the underlying tort count does not also lie. Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 405 (3d Cir. 2000) ("[A] claim of civil conspiracy cannot be pled without also alleging an underlying tort."). As a matter of law, TLAC cannot be liable for conspiracy to commit a tort if TLAC cannot be liable for the underlying tort itself.

The mere fact that a tort claim may be available against the other defendants makes no difference. In Pelagatti v. Cohen, 536 A.2d 1337 (Pa. Super. Ct. 1987), counts IX and X alleged a conspiracy among the defendants to libel and slander the plaintiffs. Id. at 1344. The court held that because two defendants made absolutely privileged statements and two did not, id. at 1344-45, 1346, civil conspiracy would only lie against the two defendants who might be liable for the underlying tort. Id. at 1347. Similarly, in this case, Count V (civil conspiracy "to commit all of the aforementioned violations of law," (Compl. ¶ 118), should be dismissed against defendant TLAC to the extent it alleges that TLAC conspired to misappropriate trade secret(s) because TLAC cannot, as a matter of law, be liable for the tort of misappropriation of trade secret(s).

## CONCLUSION

Count III of the Complaint alleges that TLAC made an agreement not to misappropriate the plaintiffs' alleged trade secret(s) and that TLAC breached that agreement. But Count III accuses TLAC of the tort of misappropriation of trade secret(s), not breach of contract. As a matter of law, the "gist of the action" doctrine bars plaintiffs from bringing a tort claim, seeking tort damages, for what they allege is a mere breach of contract. Thus, Count III should be dismissed as against TLAC with prejudice.

Count V alleges, among other things, that TLAC conspired to commit the tort of misappropriation of trade secret(s). Because TLAC cannot be liable for the underlying tort, it cannot be liable for a conspiracy to commit that tort. Thus, Count V should be dismissed as against TLAC with prejudice to the extent it alleges a civil conspiracy to misappropriate trade secret(s).

Respectively submitted,

Dated: March 29, 2004

*RA604*

Diane Siegel Danoff
Robert W. Ashbrook
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
telephone 215.994.4000
facsimile 215.994.2222
Attorneys for Defendant
The Travelers Life and Annuity Company

# CERTIFICATE OF SERVICE

    I certify that today I caused to be served by first class mail a true and correct copy of the following:

  Order
  Defendant The Travelers Life and Annuity Company's
    Motion to Dismiss Count III and Part of Count V of the Complaint
  Defendant The Travelers Life and Annuity Company's Memorandum of Law in Support
    of Its Motion to Dismiss Count III and Part of Count V of the Complaint

upon the following people:

  Virginia I. Miller, Esq.
  Anderson Kill & Olick, P.C.
  1600 Market Street, Suite 2500
  Philadelphia, PA  19103

  Craig R. Tractenberg, Esq.
  Nixon Peabody, LLP
  1818 Market Street, 11th Floor
  Philadelphia, PA  19103-3647


Dated:  March 29, 2004            *RA604*
                     Robert W. Ashbrook