# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN J. KORESKO, V and
PENNMONT BENEFIT SERVICES, INC.,

    Plaintiffs,

    v.

JEFF BLEIWEIS,
RAYMOND ANKNER,
CJA AND ASSOCIATES, INC., and
THE TRAVELERS LIFE AND ANNUITY COMPANY,

    Defendants.

CIVIL ACTION NO. 04-CV-769

## **ORDER**

    The plaintiffs' Motion for Leave of Court to File Sur-Reply Memorandum of Law in Further Support of Plaintiffs' Response to Travelers' Motion to Dismiss is denied.

                                                               _____
                                                                Stewart Dalzell, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN J. KORESKO, V and<br>PENNMONT BENEFIT SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JEFF BLEIWEIS,<br>RAYMOND ANKNER,<br>CJA AND ASSOCIATES, INC., and<br>THE TRAVELERS LIFE AND ANNUITY COMPANY,<br><br>    Defendants. | CIVIL ACTION NO. 04-CV-769 |

### DEFENDANT THE TRAVELERS LIFE AND ANNUITY COMPANY'S RESPONSE TO PLAINTIFFS' MOTION TO FILE A SUR-REPLY

Defendant The Travelers Life and Annuity Company ("TLAC") emphasized in its initial brief that the trade secret misappropriation claims are barred because the alleged confidentiality agreement is "the only alleged source of wrongfulness or illegality" and is the "single hook" of the misappropriation claim. (Defendant TLAC's Memorandum of Law in Support of its Motion to Dismiss Count III and Part of Count V of the Complaint at 5.) Yet plaintiffs now want to file a sur-reply to say that a plaintiff need not prove a confidentiality agreement to bring a misappropriation claim. Plaintiffs could have made this argument in their opposition brief and, in any event, it misses the point.

It is true that a confidentiality agreement is not necessarily required for every trade secret misappropriation claim. However, in the misappropriation claim in this case, an alleged confidentiality agreement is the only source of the alleged duty to keep the information confidential. Therefore, the gist of the action doctrine bars the misappropriation claims.

Plaintiffs admit that they themselves voluntarily disclosed the allegedly trade secret information to defendants, yet they claim that defendants had a duty to keep that

information confidential. The question is: what is the source of that alleged duty? The answer, according to the Complaint, is that defendants allegedly had agreed prior to the disclosure to keep the information confidential. That is the only alleged basis for the supposed duty. In their briefing on the motion to dismiss, plaintiffs have gone beyond the allegations of the Complaint, accusing TLAC of using "false pretenses" and "improper means" to obtain the allegedly confidential information. But those arguments boil down to the same contention: that TLAC allegedly agreed to keep the information confidential and then allegedly breached that agreement. The supposed agreement is the only basis in the Complaint for any "false pretenses" or "improper means."

Moreover, the agreement is the only possible basis for finding a tort duty from Section 757 of the Restatement of Torts.[1] There is no allegation of the "improper means" contemplated by Section 757(a), such as eavesdropping or corporate espionage. Restatement of Torts § 757 cmt. f. Furthermore, the only conceivable allegation of a "breach of confidence" contemplated by Section 757(b) would have to come from the alleged agreement, because plaintiffs have not pled any fiduciary, principal-agent, or other relationship between the parties which could give rise to a non-contractual duty to keep the information confidential. Id. at cmt. j. Thus, the only potential source of the alleged duty is the alleged agreement.[2]

---

[1] Section 751, cited twice in plaintiffs' proposed sur-reply, does not stand for the principles cited by plaintiffs. Section 751 deals with a wholly unrelated topic.

[2] Plaintiffs do not and cannot contend that sub-sections 757 (c) or (d) apply. They cover, respectively, disclosures by a third person and mistaken disclosures (whereas here, the disclosure was allegedly made deliberately by one of the plaintiffs, attorney John J. Koresko V).

The proposed sur-reply is unnecessary, but even if it is allowed, the Court should dismiss Count III and the corresponding part of Count V as against TLAC.

Respectfully submitted,

Dated: May 5, 2004

       *RA604*
Diane Siegel Danoff
Robert W. Ashbrook
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
telephone 215.994.4000
facsimile 215.994.2222
Attorneys for Defendant
    The Travelers Life and Annuity Company

# CERTIFICATE OF SERVICE

I certify that today I caused to be served by first class mail a true and correct copy of the following:

> Defendant The Travelers Life and Annuity Company's Response to the Plaintiffs' Motion to File a Sur-Reply

upon the following people:

> Virginia I. Miller, Esq.
> Anderson Kill & Olick, P.C.
> 1600 Market Street, Suite 2500
> Philadelphia, PA  19103
>
> Craig R. Tractenberg, Esq.
> Nixon Peabody, LLP
> 1818 Market Street, 11th Floor
> Philadelphia, PA  19103-3647

Dated:  May 5, 2004                                    *RA604*
                                                       Robert W. Ashbrook