# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN J. KORESKO, V and
PENNMONT BENEFIT SERVICES, INC.,

    Plaintiffs,

v.

JEFF BLEIWEIS,
RAYMOND ANKNER,
CJA AND ASSOCIATES, INC., and
THE TRAVELERS LIFE AND ANNUITY COMPANY,

    Defendants.

CIVIL ACTION NO. 04-CV-769

## DEFENDANT THE TRAVELERS LIFE AND ANNUITY COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNT III AND PART OF COUNT V OF THE COMPLAINT

## I. INTRODUCTION

The plaintiffs contend that the "gist of the action" doctrine does not apply in this case because their misappropriation of trade secrets claim "does not duplicate a breach of contract claim" and because the alleged confidentiality agreement between the plaintiffs and defendant The Travelers Life and Annuity Company ("TLAC") is "merely collateral" or "merely incidental". Memorandum of Law in Opposition to the Travelers Life and Annuity Company's Motion to Dismiss Count III and Part of Count V of Plaintiffs' Complaint ("Pls.' Opp. Brief") at 8, 9, 11. However, plaintiffs misstate the law and then misapply the facts alleged in the Complaint.[1]

---

[1] TLAC has not challenged the truth of the facts alleged in the Complaint because, as the movant on a motion to dismiss, TLAC must assume the truth of those allegations for the purposes of its motion. Contrary to plaintiffs' allegations, TLAC does not "admit" having used plaintiffs' alleged trade secrets, nor does TLAC admit the truth of plaintiffs' other allegations.

881945.10.50 4/23/04

The issue here, pursuant to the "gist of the action" doctrine, is not whether the tort claim in question duplicates the contract claim (although there is such duplication here). Rather, the issue is whether the source of the alleged duty in the tort claim is the alleged contract. That standard is squarely met here. Absent the alleged contract, TLAC would be under no obligation to maintain the alleged confidentiality of the supposed trade secrets – nor could the information given TLAC be a trade secret to begin with. Therefore, the alleged agreement to keep the alleged trade secrets confidential is not "collateral", but rather, essential, to the tort claim for misappropriation of trade secrets.

Contrary to plaintiffs' allegations, neither the lack of a separate breach of contract claim nor the lack of exhaustive negotiations preceding the alleged contract changes the result here. TLAC's motion should be granted.

## II. ARGUMENT

As plaintiffs concede at one point in their opposition brief, "if the duty [to refrain from using or disclosing the alleged trade secrets] "arose solely from the parties' agreement, then the plaintiff cannot assert a tort claim and is limited to contractual remedies." Pls.' Opp. Brief at 8. However, plaintiffs then suggest that the "gist of the action" doctrine applies only if the tort claim "essentially duplicates a breach of contract claim." Id. That is not the law -- although even if it were, that standard is met anyway.

Plaintiffs cite to Polymer Dynamics, Inc. v. Bayer Corp., No. 99-4004, 2000 WL 1146622 at *6 (E.D. Pa. Aug. 14, 2000), for the proposition that "If the tort claim 'essentially duplicates a breach of contract claim,' it is barred under the gist of the action doctrine." However, plaintiffs conveniently omit additional language from the quoted sentence in the Polymer Dynamics opinion, which reads in full as follows:

> The doctrine precludes a tort claim which essentially duplicates a breach of contract claim <u>or the success of which is wholly dependent on the terms of a contract</u>.

<u>Id.</u> (underlined language is that omitted by plaintiffs in their quote; emphasis added).

Accordingly, where – as in this case – the success of the tort claim depends on whether there is a confidentiality agreement, then the gist of the action doctrine precludes the tort claim.

However, even if the only way to satisfy the "gist of the action" doctrine were to show that the tort claim essentially duplicates a breach of contract claim -- which is not the law -- that standard would be met here. For example, according to the Complaint:

- TLAC's alleged misappropriation violated a contractual duty: "Travelers used that trade secret in breach of an agreement." Compl. ¶ 103; <u>see also</u> Compl. ¶¶ 43, 45.

- The alleged agreement itself described the duty thus: "[T]he following information . . . is disclosed on the condition that [TLAC] agrees not to use this information in any way other than in a business relationship with Koresko." <u>See</u> Compl. at Ex. 1.

- TLAC's alleged misappropriations were uses "other than in a business relationship with Koresko" Compl. ¶¶ 27-28, 41, 46, 102.

- Those uses constituted a breach of this agreement:

    o "Travelers used that trade secret in breach of an agreement." Compl. ¶ 103.

    o "Travelers has violated the confidentiality agreement and notice that it consented to in various meetings." Compl. ¶ 43.

    o "Koresko notified Travelers . . . that [it was] in violation of both the express and implied confidentiality agreements made by Travelers." Compl. ¶ 45.

    o "CJA and Travelers are improperly using information given to Travelers at Koresko's seminar and meeting." Compl. ¶ 46.

    o "Koresko and PennMont shared their trade secrets with Travelers after Travelers agreed to a confidential [sic] notice." Compl. ¶ 102.

Accordingly, even if the law did require TLAC to show that the trade secret misappropriation count "duplicated" a breach of contract claim – and the law does NOT require such a showing – in fact, TLAC has made that showing. More significantly, TLAC has made the

showing that the law <u>does</u> require, i.e. that the source of the duty which has been breached is in contract rather than in tort. <u>Owen J. Roberts Sch. Dist. v. HTE, Inc.</u>, Civil Action No. 02-7820, 2003 U.S. Dist. LEXIS 2997, at *7, 2003 WL 735098, at *2 (E.D. Pa. Feb. 28, 2003) (Dalzell, J.). That fact is more than amply supported both by the many excerpts from the Complaint cited above and by the fact that there is no other source of the allegedly breached duty.

Indeed, it is instructive to compare ¶ 103 of the Complaint ("[TLAC] used that trade secret in breach of an agreement.") with ¶ 104 ("CJA, Bleiwess [sic], and Anker [sic] used the trade secret as a result of discovery by improper means."). The source of the alleged duty on the part of TLAC is the alleged contract; therefore, the tort claim (Count III) is barred by the gist of the action doctrine.

The fact that there is no separate claim for breach of contract, denominated as such, in the Complaint does not change the "gist of the action" analysis. The question is whether the duty comes from the terms of an alleged contract, not whether breach of that contract has been alleged as a separate cause of action.

Similarly, the lack of exhaustive negotiations leading up to the supposed confidentiality agreement between plaintiffs and TLAC is irrelevant. The question is whether the duty comes from the terms of the alleged contract, not whether the contract has been exhaustively negotiated. Indeed, contrary to the plaintiffs' suggestion, neither the Third Circuit in <u>Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.</u>, 247 F.3d 79 (3d Cir. 2001) nor this Court in <u>Owen J. Roberts</u>, 2003 U.S. Dist. LEXIS 2997, 2003 WL 735098, ascribed any significance to the fact that the contracts in those cases were the product of exhaustive negotiations. Rather, the courts looked to the terms of the contracts themselves and asked whether the tort turned on the terms of the contract or had a source beyond the contract.

The <u>Bohler-Uddeholm</u> case involved two separate "gist of the action" issues and is particularly instructive here. The first question in that case was whether the gist of the action doctrine barred the breach of fiduciary duty claim. Unlike in the instant case, the parties had a fiduciary relationship, because the defendant was a majority shareholder in a joint venture. The Third Circuit found that the defendant had fiduciary obligations which went beyond the contract terms. Accordingly, the court concluded that the breach of fiduciary duty claim should stand.

The second question in <u>Bohler-Uddeholm</u> was whether the "gist of the action" doctrine barred a misappropriation of trade secrets claim. For the trade secrets covered by the parties contract, the court answered that question YES, because – just as in the instant case – the agreement barred the use of those trade secrets. 247 F.3d at 107. Accordingly, the Third Circuit reversed a jury verdict to the extent that it was based on the misappropriation of trade secrets and confidential information claim. The same logic applies here and compels dismissal of the trade secret misappropriation tort claim.

The plaintiffs allege in their opposition brief that TLAC's actions went beyond the terms of the confidentiality agreement. But that is not true of any misappropriation of trade secrets. All of the alleged improper uses of the information would violate the alleged agreement, because each was a "use . . . in any way other than in a business relationship with Koresko." Compl. at Ex. 1 (stating the terms of the alleged agreement). Because the misappropriation that TLAC stands accused of is explicitly forbidden by the alleged agreement, the gist of the action is in contract, and <u>Bohler-Uddeholm</u> forbids tort liability.

## V. CONCLUSION

The gist of the action doctrine applies to bar Count III, the misappropriation of trade secrets tort claim. Plaintiffs do not challenge TLAC's contention that if the Court

dismisses Count III as against TLAC, it should also dismiss Count V to the extent it accuses TLAC of a conspiracy to misappropriate trade secret(s).

Accordingly, TLAC respectfully submits that the Court should dismiss, as against TLAC, Count III in its entirety and Count V to the extent that it accuses TLAC of a conspiracy to misappropriate trade secrets.

Respectfully submitted,

Dated: April 23, 2004

*RA604*

Diane Siegel Danoff
Robert W. Ashbrook
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
telephone 215.994.4000
facsimile 215.994.2222
Attorneys for Defendant
    The Travelers Life and Annuity Company