

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| John. J. Koresko, V and PennMont Benefit Services, Inc. | Civil Action No. 04-CV-00769 |
| Plaintiffs, | |
| v. | |
| Jeff Bleiweis, Raymond Ankner, CJA and Associates, Inc., and The Travelers Life and Annuity Company | |
| Defendants. | |

FILED
JUN ... 2004
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## MOTION FOR EXTENSION OF TIME TO THE JOINT PROPOSED DISCOVERY PLAN AND LIMITED STAY PENDING STIPULATED PROTECTIVE ORDER

Plaintiffs, by their counsel, file this Motion for an Extension of Time to the Joint Proposed Discovery Plan and Stay Pending Jurisdiction. Due to Judge Dalzell's vacating previous orders, the proprietary information involved, and pending motions, Plaintiffs would request an extension of sixty (60) days to the Joint Proposed Discovery Plan filed on May 13, 2004. Plaintiffs also request that all depositions and production of confidential material be stayed pending the entry of a stipulated protective order agreed to by all parties.

Respectfully submitted,

VIRGINIA MILLER (I.D. No. 85361)

June 30, 2004
DATED

ANDERSON KILL & OLICK, P.C.
1600 Market Street, 25th Floor
Philadelphia, PA 19103
(215) 568-4202

| | |
|---|---|
| John. J. Koresko, V and PennMont Benefit Services, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>Jeff Bleiweis, Raymond Ankner, CJA and Associates, Inc., and The Travelers Life and Annuity Company<br><br>Defendants. | Civil Action No. 04-CV-00769 |



**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR EXTENSION OF TIME TO THE JOINT PROPOSED DISCOVERY
PLAN AND LIMITED STAY PENDING PROTECTIVE ORDER**

Plaintiffs, John J. Koresko, V ("Koresko")and PennMont Benefit Services, Inc.,

("PennMont") respectfully submit this Memorandum of Law in Support of their Motion for an

Extension and Limited Stay.

I. **INTRODUCTION**

The subject matter of this case involves confidential materials, including trade secrets

and other protected intellectual property. The parties are negotiating a stipulated protective order.

Defendants are maintaining that depositions scheduled for this week and next week should be held

and not postponed even if a protective order is not agreed to and entered. To protect the Plaintiffs'

intellectual property and other proprietary information, a protective order is essential.

Due to Judge Dalzell's vacating previous orders, the proprietary information

involved, and pending motions, Plaintiffs request an extension of sixty (60) days to the Joint

Proposed Discovery Plan filed on May 13, 2004. Plaintiffs also request that all depositions and

production of confidential material be stayed pending the entry of a stipulated protective order agreed to by all parties.

## II.   STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

### A.   Statement of Facts

This is an action for defamation, misappropriation of trade secrets, commercial disparagement, intentional interference with contract, interference with existing business relationship, interference with prospective business relationship and civil conspiracy. (See Ver. Compl.).

Defendant Travelers approached Plaintiff John Koresko, about one of his inventions, pretended that it wanted to learn more about that invention because it wanted to do business with Koresko, used false pretenses to obtain Koresko's trade secrets and confidential proprietary information and then gave that information to one of Koresko's direct competitors. Travelers knew that the information that Koresko gave it was confidential and that it only received that information because it did not voice any objection to keeping that information confidential. (See Ver. Compl.).

The essence of the Complaint is the wrong ascribed to Travelers in obtaining confidential proprietary business information and intellectual property from Plaintiffs and then giving that information to one of Plaintiffs' competitors CJA. (See Ver. Compl.).

### B.   Procedural History

On January 23, 2004, Plaintiffs filed a Verified Complaint which conformed to the stringent fact pleading rules of the Court of this Commonwealth.[1] That Complaint was verified by Lawrence Koresko, an officer of Penn-Mont. (See Compl.).

On February 23, 2004, Defendant The Travelers Life and Annuity Company ("Travelers") filed a notice of removal. On March 29, 2004, Travelers filed a Motion to Dismiss.

---

[1] The Complaint was initially filed in the Court of Common Pleas, Montgomery County and as such, conformed to the fact pleading requirements set forth by Pa. R. Civ. P. 1019. That Complaint was also verified by Lawrence Koresko.

On May 7, 2004, Defendants CJA, Bleiweis and Ankner filed a motion to dismiss pursuant to Rule 12(b) claiming that they were not subject to the jurisdiction of the courts in this Commonwealth. In support of that motion, CJA and Ankner filed affidavits in which they stated that they did not have contacts with Pennsylvania sufficient to subject them to the jurisdiction of its courts. (See Ankner Aff.).

On May 13, 2004, the parties filed a Joint Proposed Discovery Plan based upon Judge Dalzell's imminent conference. The Joint Proposed Discovery Plan called for a very aggressive discovery schedule, including depositions on July 1 and 2, with fact discovery ending on August 18, 2004. (Miller Second Aff.).

On May 28, 2004, this Court granted Defendants CJA, Bleiweis and Ankner's motion finding a lack of personal jurisdiction. In its opinion, the Court overlooked the verified complaints status as an affidavit[2] and stated that Plaintiffs had not submitted any evidence in support of their position that this Court had personal jurisdiction over Defendants.

On June 11, 2004, Judge Dalzell recused himself and vacated the orders in this case.

Notwithstanding the Verified Complaint's status,[3] on June 15, 2004 and June 24, 2004, Plaintiffs filed various affidavits attesting to the jurisdiction and venue including that: 1) CJA

---

[2] In the Verified Complaint, Plaintiffs introduced the following evidence of CJA's, Bleiweis', and Ankner's contacts with Pennsylvania which subject them to the jurisdiction of this Court:

    a) Defendant CJA Associates, Inc., ("CJA") solicited business in Montgomery County. (Ver. Compl. ¶ 8.).

    b) Bleiweis and Raymond Ankner ("Ankner") are employees of CJA and regularly do business in Pennsylvania. (See Ver. Compl. ¶¶ 6, 7, 8, 9).

    c) CJA, Bleiweis and Ankner sold life insurance products in Pennsylvania, including without limitation, variable universal life insurance policies. (Ver. Compl. ¶ 9).

    d) Bleiweis and Ankner control CJA and solicited and marketed the use of variable insurance contracts in Montgomery County, Pennsylvania. (Ver. Compl. ¶¶ 51, 54).

    e) Defendant Jeffrey Bleiweis ("Bleiweis") serves as Senior Vice President and General Counsel of Defendant CJA; Bleiweis' article entitled "412(i) Defined Benefit Fully Insured Plans" ("the article") was published and distributed in the June 2003 issue of "Business Compensation and Planning." (Ver. Compl. ¶¶ 6, 50).

[3] Plaintiffs also point that the Court failed to note that Plaintiffs filed a verified complaint, which has the same force and effect as an affidavit. In fact, a Verified Complaint in and of itself may be sufficient to support a finding of personal jurisdiction. LDM Systems, Inc. v. Russo, 1997 WL 431005 (E.D. Pa.

and Ankner are personally registered to conduct business and indeed conducting business in the same area as the misappropriated trade secrets in Pennsylvania (Miller Aff.); and 2) the Defendants' knowledge of the intellectual property and its situs in this Commonwealth. (Koresko Aff.).

On June 24, 2004, Plaintiffs served by hand delivery Responses and Objections to Traveler's Request for Documents and Answers and Objections to Traveler's Interrogatories, which included specifics questions and asked Plaintiffs to disclose information regarding trade secrets. (Miller 6/30/04., Ex. "B").[4] As part of the Objections, Plaintiffs included the general objection: "Answering Party objects to the Interrogatories to the extent that they seek information that is confidential, including but not limited to, trade secrets, client lists, marketing material, intellectual property, work product, and other proprietary information. Answering Party will provide certain confidential information upon the execution and entry of the Stipulation and Protective Order by the above-captioned Court or such other tribunal lawfully authorized to enter such Order." (Miller Aff., Ex. B, at 3, ¶ 4). As part of the Response, Plaintiffs enclosed a "Proposed Stipulated Protective Order". (Miller 6/30/04 Aff., Ex. "C").

The parties have been negotiating the terms of the "Proposed Stipulated Protective Order." Due to the unique situation with this case, Plaintiffs requested an extension to the "Joint Proposed Discovery Plan." Defendants oppose any extension. Plaintiffs also proposed a stay of depositions and the production of confidential material pending entry of a protective order, but the CJA Defendants oppose such and Travelers has not responded.

## III.   ARGUMENT

This Court has broad discretion to determine the conduct of discovery in this case. See, e.g., Stenger v. Lehigh Valley Hosp. Ctr., 554 A.2d 954, 958 (Pa. Super Ct. 1989) ("trial court is

---

1997); Colon v. Coughlin, 58 F. 3d 865, 872 (2d Cir. 1995); Feinberg v. Central Asia Capital Corp., 936 F. Supp. 250, 255 n. 4 (E.D. Pa. 1996).

[4] The Affidavit of Virginia I. Miller, Esquire, in Support of Motion For Extension of Time and Limited Stay is being filed herewith. ("Miller (6/30/04) Aff.").

in best position to weigh fairly competing needs and interests of parties affected by discovery; unique character of discovery process requires that the trial court have substantial latitude to fashion protective orders"). Accord Stich v. United States, 730 F.2d 115, 117-18 (3d Cir.), cert. denied, 469 U.S. 917 (1984) ("the conduct of discovery is . . . committed to the sound discretion of the district court"); Arnold Pontiac-GMC, Inc. v. General Motors Corp., 786 F.2d 564, 568 (3d Cir. 1986).

This case has an unusual history including filing in state court with a companion defamation case against one set of defendants, removal to federal court prior to Plaintiffs' attempts to consolidate the two actions, lengthy requests for extensions to file responses by Defendants that Plaintiffs granted, the entry and dismissal of parties, and the previous judge's recusal that vacated the prior orders in the case.

Despite Traveler's assertion that Plaintiffs should have foreseen these events prior to agreeing to the Joint Proposed Discovery Plan, Plaintiffs could not and did not foresee these events. Accordingly, Defendants have refused to any extension. The interests of justice demand that Plaintiffs be given additional time due to these unforeseen events. An extension of sixty (60) days is not unreasonable and is keeping with this Court's view that all such motions should be filed "before the deadline" and as soon as an extension becomes necessary.

Additionally, now in discovery, absent a confidentiality order, Travelers asks Plaintiffs to tell all about its trade secrets and other proprietary information such as client lists that are protected by Pennsylvania law. (See Miller Sec. Aff., Ex. "B"). "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and gives him an opportunity to obtain an advantage over competitors who do not know or use it." Hyman Cos. v. Brozost, 119 F. Supp.2d 499, 503 (E.D. Pa. 2000)(citing Felmlee v. Lockett, 351 A.2d 273, 277 (Pa. 1976)). *Even in the absence of a restrictive covenant*, an owner of proprietary information can enjoin the competitive use of such confidential information obtained as a result of the trust and confidence of a previous relationship with another party. See West Mtn. Poultry Co. v. Gress, 455

A.2d 651 (Pa. Super. Ct. 1983); Air Prods. & Chems., Inc. v. Johnson, 442 A.2d 1114 (Pa. Super. Ct. 1982); Hyman Cos., 119 F. Supp.2d at 504. "[W]ith or without a covenant addressing the subject of proprietary information, an employer is entitled to protection of its confidential information to the extent that the information is of such character as to be protectable under the common law of unfair competition or agency." Bell Fuel Corp. v. Cattolico, 544 A.2d 450, 458 (Pa. Super. Ct. 1988), alloc. denied, 554 A.2d 505 (Pa. 1989). A trade secret and the confidential nature of intellectual property can be destroyed and deemed public by the lack of protection of it by the holder. See id. As such, the entry of a protective order is essential to this case. The parties are negotiating a stipulated protective order and are close to agreement. Plaintiffs would expect that the stipulated protective order will be finalized by the parties no later than July 7, 2004, and at such time presented to the Court. (Miller. 6/30/04 Aff.). Accordingly, this Court should grant a limited stay of all depositions and the production of confidential material until parties have executed the protective order.

Respectfully submitted,

June 30, 2004
DATED

VIRGINIA MILLER (I.D. No. 85361)

ANDERSON KILL & OLICK, P.C.
1600 Market Street, 25th Floor
Philadelphia, PA 19103
(215) 568-4202

## CERTIFICATE OF SERVICE

I certify that at my direction a true and correct copy of Plaintiffs' Motion for

Extension of Time and Limited Stay Pending Protective Order, proposed order, and

Memorandum in Support was hand delivered to:

**DIANE SIEGEL DANOFF**
**DECHERT LLP**
**1717 Arch Street**
**Philadelphia, PA 19103**
**ATTORNEY FOR THE TRAVELERS LIIFE AND ANNUITY COMPANY**


**CRAIG R. TRACTENBERG**
**NIXON PEABODY LLP**
**1818 Market Street, 11ᵗʰ Floor**
**Philadelphia, PA 19103**
**ATTORNEY FOR JEFF BLEIWEIS; RAYMOND ANKNER; CJA ASSOCIATES, INC.**


DATED: June 30, 2004

By: _____
Virginia I. Miller (I.D. No. 85361)