**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN J. KORESKO, V and<br>PENNMONT BENEFIT SERVICES, INC.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>JEFF BLEIWEIS,<br>RAYMOND ANKNER,<br>CJA AND ASSOCIATES, INC., and<br>THE TRAVELERS LIFE AND ANNUITY COMPANY,<br><br>　　　Defendants. | CIVIL ACTION NO. 04-CV-769 |

## **ORDER**

　　　1. Defendant The Travelers Life and Annuity Company's Motion to Dismiss Portions of the First Amended Complaint is granted.

　　　2. Count II of the First Amended Complaint ("Misappropriation of Trade Secrets") is dismissed with prejudice as against defendant The Travelers Life and Annuity Company.

　　　3. Count V of the First Amended Complaint ("Civil Conspiracy") is dismissed with prejudice as against defendant The Travelers Life and Annuity Company to the extent it alleges a conspiracy to misappropriate trade secrets.

Dated: _____ 　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Bruce W. Kauffman, U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. KORESKO, V and<br>PENNMONT BENEFIT SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JEFF BLEIWEIS,<br>RAYMOND ANKNER,<br>CJA AND ASSOCIATES, INC., and<br>THE TRAVELERS LIFE AND ANNUITY COMPANY,<br><br>    Defendants. | CIVIL ACTION NO. 04-CV-769 |

## DEFENDANT THE TRAVELERS LIFE AND ANNUITY COMPANY'S
## MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

Defendant The Travelers Life and Annuity Company ("TLAC") moves the Court to dismiss with prejudice Count II ("Misappropriation of Trade Secrets") and part of Count V ("Civil Conspiracy," to the extent it alleges a conspiracy to misappropriate trade secrets) of the First Amended Complaint as against TLAC, under Federal Rule of Civil Procedure 12(b)(6). The grounds for this motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

Dated:  August 24, 2004

*RA604*
Diane Siegel Danoff
Robert W. Ashbrook
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA  19103-2793
telephone 215.994.4000
facsimile 215.994.2222
Attorneys for Defendant
   The Travelers Life and Annuity Company

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. KORESKO, V and<br>PENNMONT BENEFIT SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JEFF BLEIWEIS,<br>RAYMOND ANKNER,<br>CJA AND ASSOCIATES, INC., and<br>THE TRAVELERS LIFE AND ANNUITY COMPANY,<br><br>    Defendants. | CIVIL ACTION NO. 04-CV-769 |

### DEFENDANT THE TRAVELERS LIFE AND ANNUITY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

Plaintiffs allege in Count II of the First Amended Complaint that defendant The Travelers Life and Annuity Company ("TLAC") committed the tort of misappropriation of trade secrets. This tort claim should be dismissed as a matter of law, because the gist of the action in Count II is for breach of a contract.

In addition, TLAC cannot be liable for a *conspiracy* to commit a tort if the tort itself is not itself actionable. Thus, the corresponding portion of the conspiracy count (Count V) should also be dismissed.

### RELEVANT PROCEDURAL HISTORY

In January 2002, plaintiff John J. Koresko, V ("Koresko") obtained a writ of summons in the Montgomery County Court of Common Pleas. *See* Notice of Removal at Ex. A. Twenty-three months later, the defendants named in the writ obtained a rule requiring Koresko to file a Complaint. *See id.* at Exs. B, C. Koresko and a new plaintiff, PennMont Benefit Services, Inc. ("PennMont") then finally did so, two years after their writ of summons, and named TLAC

as a defendant for the first time. See id. at Ex. D. The defendants removed the action to this Court and the Honorable Stewart Dalzell was assigned to the case.

On March 29, 2004, TLAC filed a similar motion to dismiss portions of the original Complaint. On May 28, the Judge Dalzell denied that motion (in the "May 28 Opinion") and consequently, TLAC answered the original Complaint on June 7. On June 9, Judge Dalzell recused himself and vacated the May 28 Opinion. On August 10, plaintiffs filed their First Amended Complaint, to which TLAC consented.

## **FACTS**

Plaintiff PennMont markets employee pension plans. Plaintiff Koresko is an attorney with his own law firm, is General Counsel for PennMont, and is the "inventor" of the alleged trade secrets in this case. Defendant TLAC is an insurance company which occasionally sells insurance for use in employee pension plans.

According to plaintiffs, attorney Koresko described plaintiffs' pension plans to TLAC at two presentations: first at a meeting with several TLAC personnel, and later at a seminar attended by a TLAC employee and others. At both presentations, attorney Koresko allegedly began with a PowerPoint slide saying the information presented could not be disclosed or used without Koresko's consent. According to the First Amended Complaint, no one at either meeting ever objected.

Plaintiffs have pled that they therefore had an enforceable agreement with TLAC. First Amended Compl. ¶ 85 ("Travelers agreed to a confidential[ity] notice on the materials."); id. ¶ 42 ("Travelers has violated the confidentiality agreement and notice that they consented to in various meetings."); id. ¶ 44 ("Koresko notified Travelers . . . that they were in violation of both the express and implied confidentiality agreements made by Travelers.").

Plaintiffs allege that at both presentations, attorney Koresko disclosed plaintiffs' "trade secrets" to TLAC. They also claim that TLAC then disclosed these "trade secrets" to one of plaintiffs' competitors, defendant CJA and Associates, Inc. ("CJA") as part of a scheme to use the "trade secrets" in violation of the agreement. But to justify seeking punitive damages, plaintiffs have improperly characterized their claim for breach of contract as a tort: the misappropriation of trade secrets.

## ARGUMENT

**1. The Court Must Accept Plaintiffs' Allegations that a Contract Existed**

In the May 28 Opinion, Judge Dalzell implicitly acknowledged that the gist of the action doctrine would apply – and that plaintiffs' tort claim for misappropriation of trade secrets would therefore have to be dismissed – if there were an allegation of an agreement between plaintiffs and TLAC. *See* May 28 Opinion ¶¶ (e)-(f). However, Judge Dalzell found that the original Complaint did not allege that a contract existed between the parties, and he denied TLAC's Motion to Dismiss on that basis:

> Because we do not yet read the complaint as alleging that an enforceable contract existed between the parties, any duties that the defendants might have breached could not have arisen from a contract, and the gist of the action doctrine would not apply.

*Id.* ¶ (e). That finding is incorrect as applied to the First Amended Complaint.[1] In fact, the First Amended Complaint unambiguously alleges, again and again, that there was an agreement between plaintiffs and TLAC, and that that agreement was breached:

> "Koresko and PennMont shared their trade secrets and confidential materials with Travelers after Travelers agreed to a confidential[ity] notice on the materials." First Amended Complaint ¶ 85.

---
[1] The finding was also incorrect as applied to the original Complaint, but that issue is now moot.

> "Travelers has violated the confidentiality agreement and notice that they consented to in various meetings." First Amended Complaint ¶ 42.
>
> "Koresko notified Travelers . . . that they were in violation of both the express and implied confidentiality agreements made by Travelers." First Amended Complaint ¶ 44.
>
> "Travelers personnel . . . promised not to use the information in business with anyone else." First Amended Complaint ¶ 26.

Indeed, the First Amended Complaint alleges all the elements of an enforceable contract:

> (1) An offer. *See, e.g.*, First Amended Complaint ¶ 20 ("When showing the confidentially [sic] notice, Koresko stopped and asked if every one read it and if anyone objected.").
>
> (2) Acceptance of the offer. *See, e.g.*, First Amended Complaint ¶ 20 ("No one objected to the confidentiality notice.").
>
> (3) Consideration. *See, e.g.*, First Amended Complaint ¶ 26 ("Travelers personnel never objected to the condition of disclosure, and thus induced Koresko and PennMont into making disclosures and promised not to use the information.").

The terms of the agreement which plaintiffs have pled are included in the First Amended Complaint at Exhibit 1.

The Court must "accept the well-pleaded allegations of the complaint as true." *Albright v. Oliver*, 510 U.S. 266, 268 (1994). Accordingly, and contrary to the May 28 Opinion, that requirement applies even if it "results in the dismissal of one of the complaint's claims." May 28 Opinion ¶ (c). For example, a court cannot ignore plaintiffs' allegations about when a tort occurred simply because those facts would compel dismissal based upon the statute of limitations. So too here: the Court cannot ignore plaintiffs' repeated allegations of an enforceable agreement, even when the result is that the gist of the action doctrine requires the Court to dismiss the tort claim for misappropriation of trade secrets.

### 2. Because a Contract Existed, the Gist of the Action Doctrine Requires Dismissal of the Tort Claim for Misappropriation of Trade Secrets.

Plaintiffs could have alleged either a breach of contract claim for TLAC's use and disclosure of their "trade secrets," or a tort claim for the exact same use and disclosure. Pennsylvania law uses the "gist of the action" doctrine "to maintain the conceptual distinction between breach of contract claims and tort claims." *eToll, Inc. v. Elias / Savion Adver., Inc.*, 2002 PA Super. 347, ¶ 14, 811 A.2d 10, 14. "The important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus. . . . In other words, a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts." 2002 PA Super. at ¶ 15, 811 A.2d at 14 (citations and quotations omitted) (citing *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 104 (3d Cir. 2001)).

To determine whether the gist of the action lies in contract or in tort at the motion to dismiss stage, courts look to the complaint to find the source of the duty allegedly breached. *Owen J. Roberts Sch. Dist. v. HTE, Inc.*, Civil Action No. 02-7820, 2003 U.S. Dist. LEXIS 2997, at *5-8, 2003 WL 735098, at *2 (E.D. Pa. Feb. 28, 2003). In a trade secrets case, there can be no liability for the tort of misappropriation of trade secrets when the use or disclosure of the trade secrets is governed by a contract between the parties. *See, e.g.*, *Bohler-Uddeholm*, 247 F.3d at 106-07.

After attorney Koresko volunteered information to TLAC, TLAC had no duty toward plaintiffs except to do what TLAC and attorney Koresko agreed to do – an agreement we must accept exactly as plead. Plaintiffs do *not* allege that TLAC had a duty because TLAC discovered plaintiffs' trade secrets by some "improper means," such as eavesdropping or

corporate espionage. *See* Restatement of Torts § 757(a) & cmt. f . Plaintiffs do *not* allege that TLAC had any kind of special relationship with plaintiffs (e.g., a fiduciary or agency relationship) which might give rise to a duty. Id. at § 757(b) & cmt. j. Here, the *only* conceivable source of TLAC's duty to maintain plaintiffs' "trade secrets" was an agreement, which we must assume existed because plaintiffs plead it in their First Amended Complaint.[2]

The Third Circuit's decision in *Bohler-Uddeholm* is directly on point. That case, like this one, involved a claim for misappropriation of trade secrets. There, the contract barred the use and disclosure of "Know How," which was defined to mean technical information about how to manufacture steel ingots. "Know How" did not cover non-technical information like client lists and pricing information. The Third Circuit held that the gist of the action doctrine forbade a tort cause of action for misappropriation of the technical "Know How" covered by the contract, although the doctrine did not keep the plaintiff from bringing a tort cause of action for misappropriation of the non-technical information. 247 F.3d at 106-07. Here, plaintiffs allege that the agreement they had with TLAC covered every one of their alleged trade secrets. Therefore, the Third Circuit's holding in *Bohler-Uddeholm* applies to bar plaintiffs' tort claim for misappropriation of trade secrets in its entirety.

TLAC's alleged duty not to misappropriate any "trade secrets" arose out of the contractual relationship which is alleged in the First Amended Complaint. Because the gist of plaintiffs' claim is for breach of a contract, not for a tort, the Court should dismiss Count II of the First Amended Complaint (and the corresponding portion of Count V).

---

[2] Nor do sub-sections 757 (c) or (d) of the Restatement apply. They cover, respectively, disclosures by a third person and mistaken disclosures. Here, attorney Koresko, the plaintiff, deliberately disclosed his own "trade secrets" to TLAC.

**3.     It Makes No Difference that Plaintiffs Omitted a Breach of Contract Claim**

Regardless of the fact that plaintiffs neglected to include (or chose to omit) a count for breach of contract, Count II of the First Amended Complaint must still be dismissed. *E.g.*, *Good v. Am. Heritage Life Ins. Co.*, No. 02-CV-3725, 2002 U.S. Dist. LEXIS 18310, 2002 WL 31385820 (E.D. Pa. Sept. 26, 2002) (dismissing an entire complaint, which alleged only torts, because the gist of the plaintiff's action was instead for breach of a contract).

**4.     The Conspiracy Count Should Also Be Dismissed to the Extent It Alleges a Conspiracy to Misappropriate Trade Secrets**

Similarly, Count V of the First Amended Complaint (civil conspiracy "to commit all of the aforementioned violations of law," First Amended Complaint ¶ 103) should be dismissed to the extent it alleges TLAC conspired to misappropriate trade secret(s). Pennsylvania law forbids liability civil conspiracy where the underlying tort does not also lie. *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 405 (3d Cir. 2000) ("[A] claim of civil conspiracy cannot be pled without also alleging an underlying tort."). As a matter of law, TLAC cannot be liable for conspiracy to misappropriate trade secrets if TLAC cannot also be liable for the underlying misappropriation itself.

The mere fact that the *other* defendants might be liable for the tort of misappropriation of trade secrets makes no difference. In *Pelagatti v. Cohen*, 536 A.2d 1337 (Pa. Super. Ct. 1987), certain counts alleged a conspiracy among the defendants to libel and slander plaintiffs. Id. at 1344. The court held that because two defendants made absolutely privileged statements and two did not, id. at 1344-45, 1346, civil conspiracy would lie only against the two defendants who might be liable for the underlying tort. Id. at 1347. Similarly, in this case, Count V (the civil conspiracy count) should be dismissed against defendant TLAC to

the extent it alleges that TLAC conspired to misappropriate trade secrets because TLAC itself cannot, as a matter of law, be liable for the underlying tort of misappropriation of trade secret(s).

**CONCLUSION**

The First Amended Complaint alleges that TLAC agreed not to misappropriate plaintiffs' alleged trade secrets, and that TLAC breached that agreement. But Count II accuses TLAC of the tort of misappropriation of trade secret(s), not a breach of contract. As a matter of law, the "gist of the action" doctrine bars plaintiffs from bringing a tort claim, seeking tort damages, for an alleged breach of contract. Thus, Count II should be dismissed as against TLAC with prejudice.

Count V alleges, among other things, that TLAC conspired to commit the tort of misappropriation of trade secrets. Because TLAC cannot be liable for the underlying tort, it cannot be liable for a conspiracy to commit that tort. Thus, Count V should be dismissed as against TLAC with prejudice to the extent it alleges a civil conspiracy to misappropriate trade secret(s).

Respectfully submitted,

Dated: August 24, 2004
*RA604*
Diane Siegel Danoff
Robert W. Ashbrook
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
telephone 215.994.4000
facsimile 215.994.2222
Attorneys for Defendant
The Travelers Life and Annuity Company

# **CERTIFICATE OF SERVICE**

I certify that today I filed the following documents electronically and that they are available for viewing and downloading from the ECF system:

    [Proposed] Order

    Defendant The Travelers Life and Annuity Company's
    Motion to Dismiss Portions of the First Amended Complaint

    Defendant The Travelers Life and Annuity Company's
    Memorandum of Law in Support of Its
    Motion to Dismiss Portions of the First Amended Complaint

Service to the following counsel of record was made electronically through the ECF system:

| | |
|---|---|
| Diane Siegel Danoff, Esq.<br>Dechert LLP<br>4000 Bell Atlantic Tower<br>1717 Arch Street<br>Philadelphia, PA  19103<br>215-994-2179<br>215-994-2222 fax<br>diane.danoff@dechert.com | Robert W. Ashbrook Jr., Esq.<br>Dechert LLP<br>4000 Bell Atlantic Tower<br>1717 Arch Street<br>Philadelphia, PA  19103<br>215-994-2215<br>215-994-2222 fax<br>robert.ashbrook@dechert.com |
| Craig R. Tractenberg, Esq.<br>Nixon Peabody LLC<br>1818 Market Street<br>11th Floor<br>Philadelphia, PA  19103-3647<br>215-246-3525<br>215-561-0410 fax<br>ctractenberg@nixonpeabody.com | Reneé F. Bergmann, Esq.<br>Nixon Peabody LLC<br>1818 Market Street<br>11th Floor<br>Philadelphia, PA  19103<br>215-246-3524<br>215-561-0410 fax<br>rbergmann@nixonpeabody.com |
| Virginia I. Miller, Esq.<br>Anderson Kill & Olick, P.C.<br>1600 Market Street<br>Suite 2500<br>Philadelphia, PA  19103<br>215-568-4712<br>215-568-4573 fax<br>vmiller@andersonkill.com | Pamela Dianne Hans, Esq.<br>Anderson Kill & Olick, P.C.<br>1600 Market Street<br>Suite 2500<br>Philadelphia, PA  19103<br>215-568-4202<br>215-568-4573 fax<br>phans@andersonkill.com |

Dated:  August 24, 2004                                         *RA604*
                                                                           Robert W. Ashbrook Jr.