IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN J. KORESKO, V and
PENNMONT BENEFIT SERVICES, INC.,

   Plaintiffs,

v.

JEFF BLEIWEIS,
RAYMOND ANKNER,
CJA AND ASSOCIATES, INC., and
THE TRAVELERS LIFE AND ANNUITY COMPANY,

   Defendants.

CIVIL ACTION NO. 04-CV-769

**DEFENDANT THE TRAVELERS LIFE AND ANNUITY COMPANY'S
REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT**

      This Court should grant TLAC's Motion to Dismiss, based not only on TLAC's arguments in prior briefing, but also upon new, highly significant admissions in Plaintiffs' Memorandum of Law in Response to The Travelers Life and Annuity Company's ("TLAC"'s) Motion to Dismiss Portions of the First Amended Complaint ("Plaintiffs' Response Brief"). These admissions did not exist at the time of the now-vacated ruling by The Hon. Stewart Dalzell on TLAC's earlier motion to dismiss.

      In Plaintiffs' Response Brief, plaintiffs *admit* the core of TLAC's argument: that the First Amended Complaint pleads that a confidentiality agreement existed between the plaintiffs and TLAC. Moreover, that confidentiality agreement prohibits exactly the same behavior that the plaintiffs now say constitutes the tort of misappropriation of trade secrets. Thus, the "gist of the action" doctrine prohibits plaintiffs from bringing a tort cause of action.

      Plaintiffs' attempts to distinguish the case law that forbids their claim for tort damages are unavailing. The fact that they chose not to bring a count for breach of contract is

irrelevant.  The amount of detail in the alleged contract is irrelevant.  Whether the negotiations were exhaustive or not is irrelevant.  What matters is that this is a straightforward breach of contract case which the plaintiffs may not turn into a misappropriation of trade secrets case.

**1.** **Plaintiffs Admit that a Contract Governs TLAC's Use of Plaintiffs' Trade Secrets.**

As TLAC explained in its motion to dismiss, plaintiffs alleged again and again in their First Amended Complaint that there was an enforceable agreement between the parties.  Now in the Plaintiffs' Response Brief, the plaintiffs' *again* admit that there was an agreement between the parties regarding the use of the plaintiffs' alleged trade secrets.  *See* Plaintiffs' Response Brief at 8 ("Travelers duty not to use Koresko's invention and proprietary information does not arise *solely* from the parties' agreement." (emphasis added); *id.* ("Travelers agreed to the Confidentiality Notice shown in PennMont's slide presentation."); *id.* at 9 ("[T]he only agreement that is alleged to have been made was Travelers' silent assent to the Confidentiality Notice shown during PennMont's slide presentation."); *id.* at 10 ("Travelers implicitly agreed to keep the information confidential.").

Indeed, Plaintiffs' Response Brief even tells the Court the exact terms of the agreement that they are alleging existed with TLAC:

> Much of the following information is proprietary and confidential intellectual property of John J. Koresko, V ["Koresko"].  It is disclosed on the condition that the recipient, by viewing the information, agrees not to use this information in any way other than in a business relationship with Koresko, his affiliates, successors or assigns on terms agreeable to Koresko.

Plaintiffs' Response Brief at 9 (bracketed text in original) (citing the First Amended Complaint at Ex. A).  And because this is a motion to dismiss, the Court *must* accept the plaintiffs' contention that there was an enforceable agreement.

Contrary to what Plaintiffs Response Brief says, the terms of this alleged agreement squarely address TLAC's alleged wrongdoing.  According to plaintiffs, "it is Travelers' *use of the trade secrets*, confidential intellectual property and proprietary information which is the gist of this cause of action."  Plaintiffs' Response Brief at 10 (emphasis added).  But the "use of the trade secrets" is exactly what the alleged agreement governs:  "[TLAC] agrees not to *use this information* in any way other than in a business relationship with Koresko, his affiliates, successors or assigns on terms agreeable to Koresko."  Plaintiffs' Response Brief at 9 (emphasis added) (citing the First Amended Complaint at Ex. A).[1]

In sum, the plaintiffs allege a confidentiality agreement which the Court must assume (for the purposes of this motion) both exists and is valid.  The plaintiffs say the terms of the alleged agreement concern the "use of the [plaintiffs'] trade secrets."  The plaintiffs claim that the gist of their cause of action is TLAC's alleged "use of this information."  Thus, the plaintiffs are complaining about a breach of contract, pure and simple.  The gist of the action

---

[1] Elsewhere, plaintiffs allege three wrongs:  "[1] Travelers' deception in obtaining Koresko's trade secrets under false pretenses, [2] its willful disregard for the patent-pending on Koresko's invention, and [3] disclosing Koresko's trade secrets to one of Koresko's competitors."  All are precluded as a matter of law.

As to the first alleged wrong, plaintiffs have not brought a count for fraudulently inducing them to reveal their trade secrets by promising to keep them confidential.  Moreover, fraudulently inducing one to agree to a contract by promising to uphold it are regularly forbidden under the "gist of the action" doctrine.  *See, e.g.*, *Williams v. Hilton Group PLC*, No. 03-2590, 93 Fed. Appx. 384, 386, 2004 U.S. App. LEXIS 4980, *6, 2004 WL 516165, *2 (3d Cir. Mar. 17, 2004) (per curiam) (forbidding a plaintiff who attempted to protect his rights by contract from bringing a fraud in the inducement tort claim, since the "pre-contractual statements [by the defendant] concerned specific duties that the parties later outlined in the contract."  *Id.* at *6).

Regarding the second alleged "wrong," the "willful disregard" of a pending patent application is not wrongful, since a patent application can be enforced only once the U.S. Patent and Trademark Office grants a patent – which, according to the First Amended Complaint, has not happened, at least as of yet.

Finally, "disclosing Koresko's trade secrets" is exactly the conduct that the alleged confidentiality agreement addresses.  The gist of the action doctrine squarely bars it.

doctrine prevents the plaintiffs from bringing a tort cause of action (seeking tort damages) for this breach of contract action.

**2.      Plaintiffs' Cannot Distinguish Either *Owen J. Roberts* or *Bohler-Uddeholm*.**

Plaintiffs' Response Brief cites three improbable reasons to distinguish this Court's opinion in *Owen J. Roberts Sch. Dist. v. HTE, Inc.*, No. 02-7820, 2003 U.S. Dist. LEXIS 2997, 2003 WL 735098 (E.D. Pa. Feb. 28, 2003) (dismissing a fraudulent inducement tort claim with the "gist of the action" doctrine) and the Third Circuit's opinion in *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 104 (3d Cir. 2001) (reversing a jury verdict on a misappropriation of trade secrets tort claim with the "gist of the action" doctrine).  All three arguments fail.

Plaintiffs first attempt to distinguish *Owen J. Roberts* because "[p]laintiffs are only asserting a tort claim."  Plaintiffs' Response Brief at 9.  As explained in TLAC's original brief, plaintiffs' neglecting (or intentionally omitting) a count for breach of contract cannot prevent dismissal of their tort claim.  *E.g.*, *Good v. Am. Heritage Life Ins. Co.*, No. 02-CV-3725, 2002 U.S. Dist. LEXIS 18310, 2002 WL 31385820 (E.D. Pa. Sept. 26, 2002) (dismissing an entire complaint, which alleged only torts, because the gist of the plaintiff's action was instead for breach of a contract).

Second, plaintiffs try to distinguish *Owen J. Roberts* because "[p]laintiffs and Travelers did not negotiate and enter into a detailed and comprehensive contract which set forth each party's obligations."  Plaintiffs' Response Brief at 9.  But the Court in *Owen J. Roberts* did not assign any significance to the amount of detail in the contract's terms.  And here, the operative terms of the alleged contract are clear enough:  "[TLAC] agrees not to use this information in any way other than in a business relationship with Koresko, his affiliates,

successors or assigns on terms agreeable to Koresko." Plaintiffs' Response Brief at 9 (citing the First Amended Complaint at Ex. A).

Similarly, plaintiffs try to distinguish *Bohler-Uddeholm* because the contract "completely defined the parties' relationship and obligations." Plaintiffs' Response Brief at 10. But in fact, the contract in *Bohler-Uddeholm* did not do so. In fact, the Third Circuit held the "gist of the action" doctrine applicable to the particular obligations that the contract did cover (i.e., the agreement not to use "Know-How" trade secrets), despite the fact that there were other trade secrets which were not covered by the contract. In this case, however, every one of the alleged trade secrets revealed by the plaintiffs to TLAC is covered by the alleged confidentiality agreement. As in *Bohler-Uddeholm*, the tort of misappropriation of trade secrets cannot lie in this case because the alleged agreement governs use of the trade secrets at issue.

Third, to distinguish both *Bohler-Uddeholm* and *Owen J. Roberts*, plaintiffs suggest yet another improbable legal standard: they should be able to circumvent the gist of the action doctrine (and get tort damages for a breach of contract) if they choose not to allege that the contract was "exhaustively negotiated." Plaintiffs' Response Brief at 12. In fact, neither the Third Circuit nor this Court wrote nor implied any such thing, much less relied on the degree of negotiation in its opinion. In the trade secret case, *Bohler-Uddeholm*, the only issue for the Third Circuit was whether or not the alleged wrongdoing was covered under the terms of the alleged agreement. Applying that standard to the allegations in this case, the misappropriation of trade secrets tort claim must be dismissed.

**3.  Plaintiffs Concede that the Conspiracy Count Must Also Be Dismissed.**

Plaintiffs have not challenged, and therefore appear to concede, TLAC's arguments that Count V (the civil conspiracy count) must also be dismissed to the extent it alleges that TLAC conspired to misappropriate trade secrets.

## CONCLUSION

Plaintiffs have alleged a breach of contract, so the gist of the action doctrine applies to bar plaintiffs' tort claim for misappropriation of trade secrets.  Therefore, TLAC's motion to dismiss should be granted.

Respectfully submitted,

Dated:  September 17, 2004

*RA604*
Diane Siegel Danoff
Robert W. Ashbrook
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA  19103-2793
telephone 215.994.4000
facsimile 215.994.2222
Attorneys for Defendant
  The Travelers Life and Annuity Company

# CERTIFICATE OF SERVICE

I certify that today in the following matter:

    Koresko et al. v. Bleiweis et al., United States District Court for the Eastern District of Pennsylvania No. 04-0769

I filed the following documents electronically and that they are available for viewing and downloading from the Court's ECF system:

    Defendant The Travelers Life and Annuity Company's Reply Brief in Support of Its Motion to Dismiss Portions of the First Amended Complaint

Service to the following counsel was made electronically through the Court's ECF system:

| | |
|---|---|
| Diane Siegel Danoff, Esq.<br>Dechert LLP<br>4000 Bell Atlantic Tower<br>1717 Arch Street<br>Philadelphia, PA  19103<br>215-994-2179<br>215-994-2222 fax<br>diane.danoff@dechert.com | Robert W. Ashbrook Jr., Esq.<br>Dechert LLP<br>4000 Bell Atlantic Tower<br>1717 Arch Street<br>Philadelphia, PA  19103<br>215-994-2215<br>215-994-2222 fax<br>robert.ashbrook@dechert.com |
| Craig R. Tractenberg, Esq.<br>Nixon Peabody LLC<br>1818 Market Street<br>11th Floor<br>Philadelphia, PA  19103-3647<br>215-246-3525<br>215-561-0410 fax<br>ctractenberg@nixonpeabody.com | Reneé F. Bergmann, Esq.<br>Nixon Peabody LLC<br>1818 Market Street<br>11th Floor<br>Philadelphia, PA  19103<br>215-246-3524<br>215-561-0410 fax<br>rbergmann@nixonpeabody.com |
| Virginia I. Miller, Esq.<br>Anderson Kill & Olick, P.C.<br>1600 Market Street<br>Suite 2500<br>Philadelphia, PA  19103<br>215-568-4712<br>215-568-4573 fax<br>vmiller@andersonkill.com | Pamela Dianne Hans, Esq.<br>Anderson Kill & Olick, P.C.<br>1600 Market Street<br>Suite 2500<br>Philadelphia, PA  19103<br>215-568-4202<br>215-568-4573 fax<br>phans@andersonkill.com |

Dated:  September 17, 2004                    *RA604*
                                                    Robert W. Ashbrook Jr.