IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

John J. Koresko, et al

v                                               CIVIL ACTION
                                                No. 04-769

Jeff Bleiweis, et al

**ORDER**

And now this_____day of _____, 2009 upon consideration of the Plaintiffs' Motion to Vacate the Order of Dismissal dated January 6, 2009 and any response thereto it is hereby ORDERD that the motion is GRANTED. The Clerk of Court is directed to place this matter on the active case list.

BY THE COURT:

_____

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**John J. Koresko, et al**

v                                                              **CIVIL ACTION**
                                                               **No. 04-769**

**Jeff Bleiweis, et al**

### Motion To Vacate The Order of Dismissal

1. On December 17, 2008 this Court entered an Order requiring Plaintiffs to show cause within ten (10) days why this case should not be dismissed pursuant to Local Rule of Civil Procedure 41.1 (a). On January 6, 2009 the Court entered an Order dismissing the case with prejudice.

2. Plaintiff was unaware of the December 17, 2008 show cause Order and the January 6, 2009 Order of Dismissal. Plaintiff was informed on February 11, 2009 by Ellen Brotman, Esquire of the Orders. Ms. Brotman was in the process of reviewing the matter for the purpose of representation. Attached as Exhibit 1 is correspondence from Ms. Brotman.

3. Jeanne Bonney, Esquire, an employee of Plaintiff's law firm contacted the Clerk of the District Court on February 16, 2009. Ms. Amanda Healy, an employee of the Clerk's office, is the case processing clerk assigned to this matter. She confirmed to Ms. Bonney that she did not send either the December 17, 2009 or the January 6, 2009 Orders to any of the Plaintiffs or any of the attorneys who had represented the Plaintiffs. Ms. Healy informed Ms. Bonney that as the docket did not provide contact information for the Plaintiff and counsel were listed as

"terminated", she only sent the Orders to the Defendants' counsel. Attached as Exhibit 2 is the Affidavit of Jeanne D. Bonney.

4. Plaintiffs had no notice and no opportunity to respond to the Court's December 17, 2008 Order and did not have notice of the dismissal until February 11, 2009.

5. Plaintiffs respectfully submit that the January 6, 2009 Order dismissing this action be vacated and the Plaintiffs given the opportunity to respond.

6. Plaintiffs had been represented by Virginia Miller, Esquire of Anderson Kill & Olick. Ms. Miller, a Colonel in the Pennsylvania Air National Guard was called up for active duty and was deployed to Iraq until November 2008. Other associates and partners at Anderson Kill & Olick did not advance this matter to trial to the detriment of Plaintiffs. John Ellison, Esquire, the Philadelphia Managing Partner for Anderson Kill & Olick, was the attorney in the absence of Colonel Miller who was most familiar with the case. There were other events that led to Mr. Ellison and approximately half of the attorneys at Anderson Kill & Olick to leave and join the Reed Smith firm. In light of this and other developments, Anderson Kill & Olick opted to withdraw and Gregory Star, Esquire of Powell Trachtman entered his appearance. Mr. Star has since joined Drinker Biddle. Mr. Star could not continue representation due to a conflict. Powell Trachtman and Mr. Trachtman did not wish to act as trial counsel without Mr. Star. Plaintiffs have made a very serious effort to secure counsel and currently await the decision of Ms. Brotman and Montgomery McCracken. In the event Ms. Brotman declines representation, Plaintiffs will proceed pro se.

8. Discovery is closed and Plaintiffs are willing to proceed to trial on the contract and tort claims.

9. It has always been the intent of the Plaintiffs to pursue their claims. The problems with Anderson Kill & Olick were beyond Plaintiffs' control. Plaintiffs made every effort to secure counsel. Plaintiffs are willing to proceed with or without new counsel

10. Plaintiffs respectfully request that this Court vacate the Order of January 6, 2009 and permit Plaintiffs to respond or in the alternative, schedule the case for trial.

Respectfully submitted,

John J. Koresko, V, Esquire
Pro Se and on behalf of
PennMont Benefit Services, Inc.
200 West Fourth Street
Bridgeport, Pa. 19405
610-992-2200

EXHIBIT 1

```
------Original Message------
From: Brotman, Ellen C.
To: jkoresko@koreskolaw.com
Subject: Koresko v. bleweis
Sent: Feb 11, 2009 3:52 PM
```

John,
I was looking into this case as we discussed and it appears to have been dismissed on January 6, 2009. With prejudice.
Am I looking at the wrong case? 04-cv-769 Ellen C. Brotman, Esq.
Montgomery, McCracken, Walker & Rhoads
123 So. Broad Street
Philadelphia PA 19109
tel: 215-772-7683
fax: 215-731-3683
ebrotman@mmwr.com

Sent via BlackBerry by AT&T

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

John J. Koresko, et al

v

CIVIL ACTION
No. 04-769

Jeff Bleiweis, et al

**AFFIDAVIT OF JEANNE D. BONNEY, ESQUIRE**

SWORN & SUBSCRIBED

COMMONWEALTH OF PENNSYLVANIA

MONTGOMERY COUNTY

I, Jeanne D. Bonney, having been duly sworn, depose and say:

1. I am an adult individual and an attorney licensed to practice in the Commonwealth of Pennsylvania.

2. I am an employee of the Koresko Law Firm, P.C.

3. On February 11, 2009, I received a copy the e-mail sent by Ellen Brotman, Esquire to John Koresko, Esquire. The e-mail is attached as Exhibit 1 to the Motion to Vacate the Order of Dismissal.

4. The subject e-mail was the first notice I received of Judge Kaufman's Order of January 6, 2009. I immediately utilized PACER access to view the entire docket in the case. I then discovered that Judge Kaufman had issued a show cause Order on December 17, 2008.

5. I then examined my e-mail inbox for the relevant period as well as the e-mail inbox for each Koresko Law Firm attorney and/or employee who receives notice from the Clerk

of the District Court when pleadings and orders are filed of record. None of the e-mail inboxes showed receipt of the December 17, 2008 show cause order or the January 6, 2009 order of dismissal.

6. As part of my duties at the Koresko Law Firm, I review all mail received on a daily basis. I can confirm that the law firm did not receive copies of these Orders by mail.

7. On February 16, 2009, I contacted the Clerk's Office and ascertained that Ms. Amanda Healey, an employee of the Clerk's office, was the case processing clerk assigned to this matter. She called me on February 17, 2009, and confirmed to me that she did not send either the December 17, 2009 or the January 6, 2009 Orders to any of the Plaintiffs or any of the attorneys who had represented the Plaintiffs. Ms. Healey informed me that she only sent the Orders to the Defendants' counsel.

8. I did not receive nor did any attorney or employee of this law firm receive any information from the Defendants or their counsel prior to February 11, 2009 that the case was dismissed.

Sworn & Subscribed

Before me, a Notary

Public, on February 20, 2009

_Michelle Fogel Sullivan_

_Jeanne D. Bonney_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MICHELLE FOGEL SULLIVAN, Notary Public
Bridgeport Boro., Montgomery County
My Commission Expires September 30, 2011

# Certificate of Service

I hereby certify that the within Motion to Vacate has been served upon all interested counsel by regular mail or electronic means on February 20, 2009 to the persons listed below.

Craig Tractenberg, Esquire
Nixon Peabody, LLP
437 Madison Avenue
New York, New York 10022

Renee F. Bergmann, Esquire
Nixon Peabody, LLP
437 Madison Avenue
New York, New York 10022

Robert Ashbrook, Esquire
Dechert
The Cira Center
2929 Arch Street
Philadelphia, Pa. 19104

Diane Siegel Danoff, Esquire
Dechert
The Cira Center
2929 Arch Street
Philadelphia, Pa. 19104

John J. Koresko, V, Esquire