# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **John J. Koresko, V** and **PennMont Benefit Services, Inc.**, <br><br> Plaintiffs, <br><br> v. <br><br> **Jeff Bleiweis**, <br> **Raymond Ankner**, <br> **CJA and Associates, Inc.**, and <br> **MetLife Insurance Company of Connecticut**, <br><br> Defendants. | Civil Action No. 04-cv-769 |

## [DRAFT] ORDER

**AND NOW**, this _____ day of _____, 2009, upon consideration of the plaintiffs' Motion to Vacate the Order of Dismissal and Defendant MetLife Insurance Company of Connecticut's opposition thereto, it is **ORDERED** that the motion is **DENIED**.

By the Court:

_____
Bruce W. Kauffman, U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **John J. Koresko, V** and<br>**PennMont Benefit Services, Inc.**,<br><br>  Plaintiffs,<br><br>  v.<br><br>**Jeff Bleiweis**,<br>**Raymond Ankner**,<br>**CJA and Associates, Inc.**, and<br>**MetLife Insurance Company of Connecticut**,<br><br>  Defendants. | Civil Action No. 04-cv-769 |

### DEFENDANT METLIFE'S MEMORANDUM OPPOSING
### PLAINTIFFS' MOTION TO VACATE THE ORDER OF DISMISSAL

  The Court should deny the plaintiffs' Motion to Vacate The Order of Dismissal ("Motion to Vacate"), which Koresko filed on February 20. Koresko has not provided, and cannot provide, any legitimate excuse for plaintiffs having ignored this case for so long.

**There is No Valid Excuse for Plaintiffs' Complete Inaction After MetLife's November 2008 Motion Until Plaintiffs' Motion to Vacate**

  Koresko has been a lawyer for many years, and is a member of the bar of this Court. Indeed, PACER shows 50 cases where he has personally acted as litigation counsel in this Court. His Motion to Vacate demonstrates that he knows full well how this Court conducts business.

  It is undisputed that Koresko knew that MetLife filed a motion on November 13, 2008, (Docket #136) asking this Court to dismiss this case due to plaintiffs' failure to prosecute it. That motion was filed before the withdrawals of either the Trachtman firm or the Woodcock

1

firm. *See* Docket ##138, 139, 141. Koresko's failure to respond to that motion is completely inexcusable. Regardless of whether he received the Court's December 17 Order requiring him to show cause or the Court January 6 dismissal order, Koresko had to have known that the inevitable result of ignoring that November 13 motion would be dismissal of the case. *See* Local Civ. R. 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested.") Knowing that MetLife's non-prosecution motion was pending, that he had not responded to it, and that several of his lawyers had withdrawn from the case, Koresko should have timely responded to MetLife's motion, or at least requested additional time to respond to the motion. Instead, Koresko put his head in the sand, not filing anything, not hiring replacement counsel, not seeking any extension, and not checking the docket.

The protestations in the affidavit of Koresko's employee, attorney Jeanne Bonney, about having unsuccessfully searched the mail and e-mail for the December 17 Order are immaterial and disingenuous. If it is true that the Court did not send her court filings in December 2008 and January 2009 for lack of an address for her, then Attorney Bonney presumably never received *any* filings from the Court since she entered her appearance more than four years ago, *see* Docket #89, so there would have been no reason for her to expect to suddenly start receiving them in December 2008. It is no excuse for Koresko and Bonney to put their heads in the sand and then claim to be shocked by this Court's January 2009 dismissal of the case.

**Plaintiffs Misrepresent the History of Their Lawyers' Withdrawals**

Plaintiffs' alleged trials and tribulations with their various lawyers prior to November 13, 2008, even if true, could not possibly excuse Koresko's inaction either before or after that date. On that basis alone, the Motion to Vacate should be denied. Moreover, in his

13389477.7

attempt to justify his inactivity, Koresko has misrepresented the history of their lawyers' withdrawals from this case. When that history is correctly spelled out, it is even clearer that there is no excuse for plaintiffs' long stretches of inactivity in this case.

Koresko states that during the multi-year absence of one of his original lawyers, Virginia Miller, many of Ms. Miller's colleagues at Anderson Kill & Olick left the firm and failed to advance this case to trial. However, Koresko does not and cannot explain why he countenanced those years of inactivity, particularly after Ms. Miller's letter to this Court on November 22, 2005 (attached hereto as Exhibit A) stating unequivocally that three of her colleagues were prepared to continue in the matter during her absence "with no delays or extensions" and that these lawyers "will serve as counsel, including trial counsel, if necessary, during my absence." Moreover, Ms. Miller withdrew her appearance in this case on August 14, 2006, *see* Docket #129 and two of the three colleagues who took over the case in her absence—Mark Gottlieb, a partner, and William Pillsbury, one of the two associates—remain with Anderson Kill to this day. *See* Ex. 2. Former Anderson Kill attorney John Ellison was *not* among the three who took over the case; indeed, he never entered an appearance in this case and defense counsel had never even heard of him before receiving the Motion to Vacate.

Furthermore, in direct contradiction to Koresko's allegations, the defection of a large group of lawyers from Anderson Kill to which plaintiffs apparently refer—a large group, including Ellison, left for Reed Smith on February 1, 2008—did not occur until *a year and a half after* Anderson Kill & Olick withdrew from representing Koresko on August 14, 2006. *See* Ex. 3; Docket #129. Accordingly, contrary to Koresko's assertion, plaintiffs' inactivity from late 2005 until late 2008 cannot be blamed on the departure of Mr. Ellison and some of his colleagues from other Anderson Kill & Olick, when they had withdrawn their appearances long before they

3

left Anderson Kill, and when the lawyers who left were not even the ones working for plaintiffs.

Koresko's final unfounded excuse concerns Michael Trachtman. Trachtman is a founding partner in the firm of Powell Trachtman Logan Carrle Bowman & Lombardo who entered his appearance along with his associate Gregory Star on August 14, 2006, when the Anderson Kill attorneys withdrew theirs. *See* Docket #129. Koresko states that Star left Powell Trachtman and "Mr. Trachtman did not wish to act as trial counsel without Mr. Star."[1] Motion to Vacate at ¶ 6. However, even after Gregory Star withdrew his appearance on March 30, 2007, *see* Docket #130, and Attorney Trachtman remained in the case representing Koresko for more than another year and a half, until November 20, 2008.[2] *See* Docket #141. Moreover, throughout that period, Attorney Trachtman evidently had no problem acting as trial counsel for Koresko in substantially similar litigation that Koresko is pursuing against Nationwide Insurance Company in Ohio. *See* S.D. Ohio Nos. 05-cv-1583, 05-cv-1679; 06-cv-66. Besides, if Attorney Trachtman *didn't* want to act as trial counsel in this case, why was it that Koresko did not attempt to replace him with new trial counsel as soon as Gregory Star withdrew? Like his other excuses, Koresko's excuse involving Attorney Trachtman just does not hold water.

In addition, Koresko has had one counsel of record who has represented plaintiffs throughout the last four years of this litigation: Jeanne Bonney, an attorney in Koresko's own law firm (and the same lawyer whose sworn affidavit accompanies the motion to vacate). *See* Docket #89. Plaintiffs do not and cannot explain why Ms. Bonney—nor her boss, Koresko

---

[1] Even were that true, Koresko cannot explain why Attorney Star did nothing to prosecute this case during the period from August 14, 2006 through March 30, 2007. Indeed, although Mr. Star's entry of appearance and withdrawal were separated by almost nine months, they bear consecutive docket numbers. *See* Docket ##129, 130.

[2] Once again, Koresko can offer no explanation for why the case was not prosecuted during this period of a year and eight months.

13389477.7

himself—did not step in when plaintiffs' other counsel had allegedly dropped the ball, even if only to seek an extension.

**If this Court Grants the Motion to Vacate, the Court Should Consider the Merits of MetLife's November 13 Motion.**

As explained above, MetLife believes strongly that the Motion to Vacate should be denied. However, if this Court disagrees and decides to grant the motion, MetLife requests that the Court then dismiss this case based upon the merits of MetLife's November 13 motion (still undecided), or based upon Koresko's failure to respond to that motion. *See* Local Civ. R. 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested.").

**Conclusion**

Koresko has taken every opportunity to delay this case: not filing a complaint until forced to do so, repeatedly delaying discovery, failing to prosecute this case after the close of discovery, and now the latest three months of inactivity following MetLife's filing of its motion urging dismissal for non-prosecution. At some point, the Court must stop giving Koresko yet another "last chance." That point is now.

Respectfully submitted,

Dated:  2/26/09                                    /s *Robert W. Ashbrook Jr.*
　　　　　　　　　　　　　　　　　　　　　Diane Siegel Danoff
　　　　　　　　　　　　　　　　　　　　　Robert W. Ashbrook, Jr.
　　　　　　　　　　　　　　　　　　　　　Dechert LLP
　　　　　　　　　　　　　　　　　　　　　Cira Centre, 2929 Arch Street
　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA  19104-2808
　　　　　　　　　　　　　　　　　　　　　telephone 215.994.4000
　　　　　　　　　　　　　　　　　　　　　facsimile 215.994.2222
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　　*MetLife Life Insurance Co. of Connecticut*

# CERTIFICATE OF SERVICE

I certify that today that in

 *Koresko et al. v. Bleiweis et al.*, E.D. Pa. 04-cv-769

the following documents have been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing system:

 [Draft] Order

 Defendant MetLife's Memorandum Opposing Plaintiffs' Motion to Vacate the Order of Dismissal, with exhibits

 Certificate of Service

and that service on the following parties was accomplished by the electronic service of a Notice of Electronic Case Filing to the following parties, who have consented to electronic service:

| | |
|---|---|
| CJA & Associates, Inc., Raymond G. Ankner, and Jeffrey I. Bleiweis | John K. Koresko, V and PennMont Benefit Services |
| c/o Craig R. Tractenberg, Esq. Nixon Peabody LLP ctractenberg@nixonpeabody.com | c/o Jeanne D. Bonney, Esq. Koresko & Associates, L.P. jbonney@pennmont.com |
| c/o Reneé F. Bergmann, Esq. Nixon Peabody LLP rbergmann@nixonpeabody.com | |

Dated:  2/26/09        /s *Robert W. Ashbrook Jr.*
               Robert W. Ashbrook, Jr