IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN J. KORESKO, et al.** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-769 |
| | : | |
| **JEFF BLEIWEIS, et al.** | : | |

### ORDER

**AND NOW**, this 17th day of July, 2009, upon consideration of Plaintiffs' "Motion to Vacate the Order Dismissing Action" (docket no. 144), and Defendants' Response (docket no. 145), it is **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**.[1]

---

[1] Plaintiffs bring this Motion to vacate the Court's January 6, 2009 Order (docket no. 143) dismissing this action pursuant to Local Rule of Civil Procedure 41.1(a). On October 8, 2008, the Court notified Plaintiffs that no proceeding in this action had been docketed for a period of over one year and ordered them to file a written application within thirty days to avoid administrative dismissal of the action (docket no. 131). On November 5, 2008, two new attorneys from the law firm of Woodcock Washburn LLP (the "Woodcock Counsel") entered their appearances for Plaintiffs and notified the Court that Plaintiffs intended to proceed with this action. Based on the Woodcock Counsel's representations that Plaintiffs intended to prosecute this matter, the Court granted Plaintiffs' application pursuant to Local Rule 41.1(a) on November 12, 2008 (docket no 135). On November 13, 2008, Defendants filed a Motion for Reconsideration of that Order, disputing the factual contentions of Plaintiffs' application and arguing that the Court should dismiss the action for lack of prosecution.

On November 18, 2008, the Woodcock Counsel withdrew from the action. Because the sole ground for the Court's decision to grant Plaintiffs' application was the representation that Plaintiffs had secured new counsel and intended to prosecute this matter, the Court issued an Order dated December 17, 2008 directing Plaintiffs to show cause why this action should not be dismissed pursuant to Local Rule 41.1(a) (docket no. 142). The December 17, 2008 Order warned Plaintiffs that if they failed to show good cause, the action would be dismissed with prejudice. Plaintiffs did not respond to the December 17, 2008 Order, and the Court dismissed the action on January 6, 2009.

In the instant Motion, Plaintiffs seek to vacate the Court's January 6, 2009 Order because Plaintiffs were never served with the Court's December 17, 2008 Order due to a clerical error by the Clerk of the Court. However, while Plaintiffs' current Motion explains why they did not respond to the Court's December 17, 2008 Order, it does not address the crux of that Order and Defendants' Motion for Reconsideration: why this case has remained dormant since November 2005 and how Plaintiffs intend to proceed with or without counsel. If Plaintiffs wish to reinstate this action, they may file a renewed motion addressing this issue and showing cause

It is **FURTHER ORDERED** that:

(1) If Plaintiffs wish to renew their Motion to Vacate, they may do so within fourteen (14) days of the date of this Order; and

(2) The Clerk of the Court shall send a copy of this Order to Plaintiffs' attorney of record.

**BY THE COURT:**

    S/ BRUCE W. KAUFFMAN
BRUCE W. KAUFFMAN,   J.

---

why this matter should be reopened.