# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. KORESKO, V and PENNMONT BENEFIT SERVICES, INC.<br><br>v.<br><br>JEFF BLEIWEIS, RAYMOND G. ANKNER, CJA AND ASSOCIATES, INC., THE TRAVELERS LIFE AND ANNUITY COMPANY | NO. 2:04-cv-00769 |

## RENEWED MOTION TO VACATE ORDER OF DISMISSAL
## AND
## APPLICATION PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 41.1(a)

1. The applicants are the Plaintiffs herein.

2. Applicants request that their action against the defendants not be dismissed pursuant to Local Rule of Civil Procedure 41.1(a), and ask this Honorable Court to vacate its order of December 17, 2008.

3. On July 17, 2009, this Court issued an Order denying without prejudice Plaintiffs' previously filed Motion to Vacate.

4. The Court granted Plaintiffs leave to explain why the case was dormant for an extended period and how Plaintiffs intend to proceed.

5. Plaintiffs incorporate by reference the content of their previously filed Application and Motion to Vacate.

## EXPLANATION OF DORMANCY

6. Plaintiffs were represented by Virginia Miller, Esquire of Anderson Kill & Olick (AKO) from the beginning of the case through the end of discovery, and beyond.

7. Ms. Miller is a Lieutenant Colonel in the United States Air Force, assigned to the Special Operations Wing of the Pennsylvania Air National Guard, stationed in Harrisburg, Pennsylvania.

8. Ms. Miller was called to active duty four separate times while this case was pending -- twice to serve in Afghanistan and twice to serve in Iraq. In total, Ms. Miller was out of country nearly three years, accounting for much of the period of dormancy noted by the court in this case.

9. Ms. Miller is a co-defendant with Plaintiff in another major litigation instituted by persons competitive with Plaintiff's business interests, and that litigation was also postponed on several occasions to accommodate Ms. Miller's service. A majority of Plaintiff's time in the past several years was devoted to representing his affiliates in that other case, until less than a year ago when an insurance carrier finally agreed to provide representation. It was literally impossible for Plaintiff to proceed to trial in this litigation while the other case was pending. The Court of Common Pleas in that case has accepted AKO's motion to enforce a settlement against all parties in that other case, but the competitors have appealed. If the case is reversed, Plaintiff has counsel to proceed in that case; which is projected to require a trial of 10 days length. But, if not, Plaintiff will have no further demand major on his time and resources, other than in the representation of clients, that would interfere with moving ahead quickly in the present case..

10. While Ms. Miller was away, AKO assigned a lawyer other than Ms. Miller to argue occasional motions in other litigations in which AKO represented Plaintiff or his affiliates. For the most part, AKO either did nothing or decided it did not have to do anything on Plaintiffs' affairs while Ms. Miller was away.

11. The aforesaid litigation involving Plaintiff and Ms. Miller placed a great strain on the relationship between Plaintiff and AKO, even though all were in joint defense arrangements. This also contributed to AKO's reticence to continue in zealous representation. Plaintiff was literally in no position to make demands which could upset the delicate balance of the joint defense.

12. The Court may be aware, also, that half of AKO's partners went to Reed Smith. Included among them was the only other AKO lawyer with any connection to the case, Mr. John Ellison. Mr. Ellison no longer represents Plaintiff.

13. AKO, as reconstituted by merger, apparently could not represent Plaintiff.

14. The Court is aware that while this case was pending, Travelers brought another suit entitled *The Travelers Life And Annuity Company et al v. Koresko* filed in this court on *November 8, 2005*, case no. 05-cv-05862-BWK ("*Travelers II*"). This complaint was virtually identical to patent actions filed by Nationwide Life Insurance Co. (S.D. Ohio) and American General Life Insurance Co. (S.D. Tex.) On information and belief, these lawsuits were not coincidences, but rather calculated efforts to impose extraordinary financial and personal stress on Plaintiff; and perhaps, to prevent judicial declaration that Plaintiff has rights to compensation for a valuable business process that Plaintiff alleges was misappropriated.

15. Woodcock Washburn continues to represent Plaintiffs in the Ohio matter. The Texas matter against American General was settled.

16. Plaintiff sought counsel from the Powell Trachtman law firm when he became concerned about AKO's inaction. Gregory Star, Esquire was assigned to Plaintiffs' matters. After beginning representation, Mr. Star departed the Powell Trachtman and took a position

with Drinker Biddle. Mr. Star continued to represent Plaintiff in certain litigation matters styled as *Koresko Financial v. Capitas Financial* in Montgomery County [and then referred to the American Arbitration Association]. That litigation involves matters fundamental to the continued survival of Plaintiffs' businesses. The *Capitas* case goes to trial in August 2009. That matter has also diverted a great deal of Plaintiff's time and energy.

17. When Mr. Star inquired, he determined that the Drinker firm had a conflict. After hearing this news, Plaintiff inquired again of Powell Trachtman as to their intentions. Mr. Trachtman is an esteemed colleague, and old friend, but other economic issues relating to his firm, and his delegation of responsibility for the file to Mr. Star, rendered him unwilling or unable to continue in service in the case. Quite literally, he had not more than a foot in the lake which is this matter.

18. Woodcock's entry into the case permitted Mr. Trachtman an honorable means to withdraw, in a fashion where he thought plaintiff's interests were served.

19. Plaintiff never expected for a minute that Woodcock would enter an appearance and then quickly withdraw – although certainly Woodcock's terms of engagement permitted it. Plaintiff expended a great deal of time, energy and money getting the case materials to the Woodcock firm. Clearly, the unsettled nature of the *Nationwide* case contributed greatly to Woodcock's decision regarding this matter.

20. In sum, any hiatus in pursuing this matter did not result from any abandonment by Plaintiffs. Plaintiffs were caught in an unforeseeable storm that threatened its business enterprise: multiple attacks, claims against limited time and resources, and impediments to relationships with counsel. Plaintiffs have invested well over $150,000 of time and

expenses in the pursuit of this case.  A favorable disposition is still material to Plaintiffs, because the harm alleged in the complaint has not been dissipated one bit.

21. Plaintiffs should not be punished for having possessed only limited time and limited resources, and finding themselves at the center of most unpredictable events.

## INTENTION TO PROCEED

22. The present case is in a position to be set for trial, hopefully in early 2010.

23. All discovery is complete.

24. Plaintiffs request that this Court to allow this matter to proceed to a settlement conference.

25. MetLife now owns Travelers' life insurance division, having purchased on June 30, 1995 for a sum that dwarfs the potential claims in this case. Industry journals reported the following:  "Just one day after Connecticut officials approved the deal, MetLife announced it completed the acquisition of Citigroup's Travelers Life & Annuity and substantially all of Citigroup's international insurance businesses for $11.8 billion. Under the terms of the agreement, Citigroup received approximately $1 billion in MetLife common stock and $10.8 billion in cash, subject to post-closing adjustment. The sale resulted in a third quarter gain of approximately $2 billion after tax for Citigroup." <http://www.insurancejournal.com/news/national/2005/07/01/56807.htm>

26. It is expected that Travelers/MetLife will require this case to go to trial.

27. Witnesses necessary to Plaintiff's case are readily available.  Mark Teitlebaum, the Travelers employee who took part in the alleged torts and breach of contract, is now employed by Equitable Life Insurance Co., but he regularly interacts with

MetLife/Travelers personnel. Most recently, both Mr. Teitlebaum and MetLife personnel were at an insurance industry conference which was attended by Plaintiff.

28. There is no credible prejudice that MetLife can claim, especially since it is one of the most solvent and largest life insurers remaining in the U.S. market, and it apparently was on notice of the Plaintiff's claims at the time of acquisition.

29. The Court is also aware that Travelers has taken no independent action in *Travelers II* since the filing of that case, and it should be dismissed. As a behemoth, Travelers/MetLife can assert none of the factors that caused Plaintiffs to refrain from proceeding.

30. As this Court is aware, Plaintiff has sought the representation of Ms. Ellen Brotman, a partner at Montgomery McCracken et al. Plaintiff is capable of paying fees and expenses necessary to bring the matter to a conclusion, after trial if necessary.

31. In the unlikely event that Plaintiff could not secure outside counsel, Plaintiff has the staff and competency to proceed to trial and would do so.

WHEREFORE, applicants request that their action in *Travelers I* not be dismissed and that dates be established for settlement conference and trial.

By: _____
John J. Koresko, V
KORESKO LAW FIRM, P.C.
200 West Fourth Street
Bridgeport PA 19405
*Pro Se and as Counsel for Plaintiffs*

Date: July 28, 2009

| JOHN J. KORESKO, V and PENNMONT BENEFIT SERVICES, INC.<br><br>v.<br><br>JEFF BLEIWEIS, RAYMOND G. ANKNER, CJA AND ASSOCIATES, INC., THE TRAVELERS LIFE AND ANNUITY COMPANY | NO.  2:04-cv-00769 |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Renewed Motion to Vacate Order of Dismissal Application was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By: _____
John J. Koresko, V
KORESKO LAW FIRM, P.C.
200 West Fourth Street
Bridgeport PA 19405
*Pro Se and as Counsel for Plaintiffs*

Date:  July 28, 2009